REED ET AL. v. CATES.

1. By appearing in the county court, and, without questioning its juris-
diction on the ground of non-residence, entering on trial on the
merits, a defendant gives that court complete jurisdiction of the
action.
2. A bill of exceptions not sealed by the trial judge cannot be consid-
ered.

*Appeal from Garfield County Court.*

THIS was an action brought by Wilson Cates against
W. T. Reed and A. A. Reed. Judgment for plaintiff,
and defendants appeal.

Mr. J. W. DOLLISON, for appellants.

RISING, C. This action was commenced in a justice's
court in Garfield county, by appellee against appellants,
in which court judgment was rendered for defendants,
and the plaintiff appealed to the county court of said
county. The defendants appeared in the county court,
and prosecuted their defense to the action upon the
merits, and have appealed from the judgment rendered
therein against them on the verdict of a jury for the sum
of $157.20. The errors assigned are: (1) That the court
did not have jurisdiction to try the cause, for the reason
that the defendants were residents of Eagle county; (2)
that the evidence does not support the verdict. The first
assignment of error is not well taken. The defendants by
appearing in the county court, and, without in any way
questioning the jurisdiction to try the case, entering upon
the trial thereof upon its merits, gave the court full and
complete jurisdiction to proceed therein.

An examination of the evidence shows such a conflict
therein that this court would not be warranted in revers-
ing the judgment upon the ground assigned in the second
assignment of error; but, for the reason that the bill of
exceptions is not sealed by the judge, it cannot be con-

sidered.  *De La Mar v. Hurd,* 4 Colo. 443;  *Mining Co. v. Kirtley,* 8 Colo. 108.    If the bill of exceptions had been properly sealed, it would be insufficient to authorize an examination of the evidence for the purpose of ascertaining its sufficiency to support the verdict, for the reason that it does not purport to contain all the evidence.    The judgment should be affirmed.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM.    For the reasons assigned in the foregoing opinion the judgment of the court below is affirmed.
*Affirmed.*