GORDON, PLAINTIFF IN ERROR, v. JOHNSON, DEFENDANT IN ERROR.

1. RES ADJUDICATA.

A valid judgment by a court of competent jurisdiction between the same parties is conclusive, except where by review, an appeal, or rehearing in some form, is allowed and regulated by law. No man is to be twice vexed with the same controversy.

2. SAME.

It is no objection that the former suit embraced more subjects of controversy, or more matter than the present; if the entire subject of the present controversy was embraced in it, it is sufficient,—it is *res judicata*.

3. SAME.

A decree, dismissing a bill in equity after hearing, is a bar to a subsequent bill between the same parties for the same subject-matter, unless it appears by the record that the dismissal was without prejudice, or otherwise not upon the merits.

*Error to the District Court of Arapahoe County.*

Messrs. KEELER & SALES, for plaintiff in error.

Mr. O. B. LIDDELL, for defendant in error.

RICHMOND, P. J., delivered the opinion of the court.

May 20, 1887, G. W. Clise & Co. executed the following contract:—

"DENVER, Colo., May 20, 1887.

"Received of A. M. Gordon ten dollars ($10), as part purchase price of lots numbered 5 and 6, block 33 Hunt's Add. to the city of Denver; full consideration or purchase price six hundred and thirty-five dollars ; the remainder, six hundred and fifteen dollars, to be paid by said Gordon upon delivery of a good and perfect abstract of title and a good and sufficient warranty deed ; otherwise this receipt to be void and the ten dollars to be returned to said Gordon.

"(Signed)        G. W. CLISE & Co."

A. M. Gordon, plaintiff in error, institutes this action against Thomas Johnson, the owner of the premises described in the contract, to enforce specific performance.  Among other defenses, Johnson alleges that during the year 1890, and prior to the institution of this action, he commenced proceedings in the county court of Arapahoe county against the plaintiff, Gordon, for the purpose, among other things, of having the contract set forth in the complaint declared null

and void, and for other relief. The entire proceedings in the county court are set forth in the answer. To the complaint in that case Gordon answered, alleging that authority for entering into the contract had been vested by Johnson in Clise & Co. The cause was tried to the court and a final decree entered from which no review was prosecuted.

In the decree of the court it was recited that the identical contract here sued upon was void and of no effect, and was and is no cloud upon the title to the lots. Thereupon the court dismissed the complaint. To this defense, plaintiff, Gordon, filed a demurrer which was overruled. Plaintiff elected to stand by the demurrer and judgment was rendered against plaintiff to reverse which he now prosecutes this writ of error.

The contention of plaintiff is that he is not estopped by the decree in the former case from instituting proceedings for specific performance of the contract—that it is not *res adjudicata*.

The contention of defendant is that as the suit there was between the same parties here and involved the validity of the identical instrument upon which this action is based, and the finding of the court being that the instrument was null and void, no subsequent action can be predicated upon it.

Plaintiff's counsel admit in their argument that the former suit was for the purpose of annulling the contract, and for the cancellation of it for the purpose of removing the alleged cloud upon the title of Johnson to the premises, but contend that the decree entered is not a bar to the present suit, because it resulted in a dismissal of the plaintiff's complaint in that action.

The contention of plaintiff in error, that in the former action Johnson sought simply to remove the cloud upon his title to the premises, and that when the court found that the instrument complained of was not a cloud upon his title it had reached the limit of its jurisdiction by dismissing the bill is, in our judgment, without support in reason or by authority. It is true that if the court had found the instrument to

be valid, duly and regularly authorized, and on that ground had dismissed the bill, it would have been no bar to the future action for specific performance. But such is not this case, and consequently the reasoning and illustrations in the brief are not applicable. The main purpose of the former proceeding was to secure an adjudication relative to the validity or invalidity of the instrument here sought to be enforced. This issue was presented by the pleading in that case and was directly adjudicated by the decree of the court, which it had an undoubted right to do. It found that the instrument was void for want of authority; that Johnson was in no way bound by the action of Clise & Co.; that Clise & Co. had received no authority direct or indirect from Johnson to make the contract; that the instrument was absolutely invalid and consequently was no cloud upon the title of Johnson. Hence it is concluded that the relief sought, so far as it affected the title to the premises, could not be granted. The question there and the question here is precisely the same, to wit, the validity or invalidity of the instrument sought to be enforced. Here the party seeks specific performance of a contract and must necessarily establish his right to a decree of such performance by proving the validity of the instrument which he seeks to enforce. In the former suit Johnson denied the validity of the instrument, declared it was made without any authority from him, and sought to have it removed and canceled upon the record as being a cloud upon his title. This makes an entirely different case from any relied upon in the brief of counsel, but, on the contrary, brings the issue here presented directly within the principles contained in the following cases.

In *Durant v. Essex Company*, 7 Wallace, 107, Mr. Justice Field, in his opinion, says: " The decree dismissing the bill in the former suit in the circuit court of the United States being absolute in its terms, was an adjudication of the merits of the controversy, and constitutes a bar to any further litigation of the same subject between the same parties. A de-

cree of that kind, unless made because of some defect in the pleadings, or for want of jurisdiction, or because the complainant has an adequate remedy at law, or upon some other ground which does not go to the merits, is a final determination. Where words of qualification, such as 'without prejudice,' or other terms indicating a right or privilege to take further legal proceedings on the subject, do not accompany the decree, it is presumed to be rendered on the merits.

"Accordingly, it is the general practice in this country and in England, when a bill in equity is dismissed without a consideration of the merits, for the court to express in its decree that the dismissal is without prejudice."

In the case of *Bigelow & Another v. Winsor*, 1 Gray, 299, this language is used: "One valid judgment, by a court of competent jurisdiction, between the same parties, upon considerations as well of justice as of public policy, is held to be conclusive, except where a review, an appeal, or rehearing in some form, is allowed and regulated by law. No man is to be twice vexed with the same controversy. *Interest reipublicæ ut finis sit litium*."

"To ascertain whether a past judgment is a bar to another suit, we are to consider, first, whether the subject-matter of legal controversy, which is proposed to be brought before any court for adjudication, has been drawn in question, and within the issue of a former judicial proceeding, which has terminated in a regular judgment on the merits, so that the whole question may have been determined by that adjudication; secondly, whether the former litigation was between the same parties, in the same right or capacity litigating in the subsequent suit, or their privies respectively, claiming through or under them, and bound and estopped by that which would bind and estop those parties; and, thirdly, whether the former adjudication was had before a court of competent jurisdiction to hear and decide on the whole matter of controversy, embraced in the subsequent suit."

"It is no objection that the former suit embraced more subjects of controversy, or more matter than the present; if

the entire subject of the present controversy was embraced in it, it is sufficient, it is *res judicata.*"

In *Foot & Another v. Gibbs & Others,* 1 Gray, 412, it was held that, "A decree, dismissing a bill in equity, after a hearing, is a bar to a subsequent bill between the same parties, for the same subject-matter, unless it appears by the record that the dismissal was 'without prejudice,' or otherwise not upon the merits."

In *Foster & Others v. The Richard Busteed,* 100 Mass. 409, the rule is announced that, "There is no essential difference between the effect of a decree in equity and of a common law judgment, in this respect. A bill regularly dismissed upon the merits, where the matter has been passed upon and the dismissal is not without prejudice, is a bar to future proceedings, either in equity or at law. And under similar circumstances a judgment at law is a bar to future proceedings in equity."

This doctrine is followed and affirmed in *Blackinton v. Blackinton,* 113 Mass. 231.

This being so and recognizing the above principles, we have no alternative left but to say that the action of the court below in overruling the demurrer to the fourth defense was right and that the former proceedings constituted an absolute bar to the action.

The judgment will be affirmed.

*Affirmed.*