CHRIST v. FLANNAGAN ET AL.

1. JURISDICTION—WAIVER.

After an order changing the venue of an action, the parties voluntarily reappeared and went to trial without objection. *Held,* that they thereby reinvested the court with jurisdiction.

2. SAME.

Parties who have voluntarily submitted their controversy to a court having jurisdiction of the subject-matter, cannot be allowed to question its authority.

3. EXECUTIONS.

The right of an assignee of a judgment to take out execution thereon, after death of the original judgment creditor, is not impaired by the provisions of section 2571, Mills' Ann. Stats.

4. SAME.

The failure to substitute the assignee of a judgment for the original judgment creditor will not subject an execution sale thereunder to collateral attack.

5. SAME.

Notwithstanding the death of one of the judgment debtors, execution may be issued and levied upon the property of a survivor, without proceedings to revive the judgment against the representatives of the deceased.

*Error to the District Court of El Paso County.*

THIS action was instituted by plaintiff in error against the defendants in error to remove an alleged cloud from the title to certain lots in Colorado City, El Paso county, Colorado.

There is no dispute in reference to the facts, which are as follows: In 1875 a judgment was duly rendered in one of the justice courts of El Paso county in favor of E. T. Colton, and against one Fred Holderer, for the sum of two hundred and ninety (290) dollars. From this judgment an appeal was duly taken to the district court of El Paso county, the sureties upon the appeal bond being George Christ, plaintiff in error, and one F. X. Roman.

While the case was pending in the district court, an order was made and entered of record, upon application of the defendant, changing the venue to the district court of Pueblo county. This order does not appear to have been set aside, but afterwards all parties appeared in the district court and a trial upon the merits was had, resulting in a verdict against the defendant Holderer for the same amount as the judgment rendered by the justice of the peace. Upon this verdict a judgment was duly rendered in the month of November, 1876, against the defendant and the sureties upon his appeal bond. To enforce this judgment several *alias* and *pluries* executions were issued, but nothing was collected thereon.

The judgment was thereafter duly assigned to E. A. Colburn and Frank Flannagan. After such assignment both Colton and Roman died, the evidence not definitely showing the date of such deaths or of either of them. After the death

of Colton and Roman, an execution was sued out in the name of E. T. Colton, plaintiff, against all the defendants, including Roman. Upon this execution the property in controversy was levied upon and sold as the property of plaintiff in error. The defendants now claim title by reason of this judicial sale. Soon thereafter this action was commenced by Christ to quiet title to the property in controversy. Upon these facts a decree was entered in favor of the purchasers. To reverse this decree the cause is brought here upon error.

Mr. WM. HARRISON and Mr. J. K. VANATTA, for plaintiff in error.

Mr. GEO. W. MUSSER and Mr. C. H. DUDLEY, for defendants in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Upon this record three questions are presented:

*First.* Did the district court of El Paso county have jurisdiction to proceed to judgment in the original cause after having granted defendant's application for a change of venue without a formal order setting the same aside?

*Second.* Plaintiff Colton having died prior to the issuance of the execution upon which the property was sold, was such execution and sale void?

*Third.* Roman, one of the judgment debtors, having died before such execution was issued, did the fact that the same was issued with his name, as one of the defendants, render void the sale of his codefendants' property thereunder?

The original action was an action of trespass, transitory in character. It is undisputed that the district court of El Paso county had jurisdiction of the subject-matter. A number of authorities have been cited to show that jurisdiction over the subject-matter cannot be conferred by consent. This we concede, but in all other cases jurisdiction may be waived by consent of parties, and it will be held to have been so waived if objection to the jurisdiction is not promptly taken.

The record imports absolute verity, and we must assume that no other order with reference to venue was made except the one appearing in the transcript.    When the district court made that order it surrendered jurisdiction over the particular case then before it, but when the parties thereafter voluntarily appeared and went to trial without objection, they thereby reinvested the district court with jurisdiction.    Having thus voluntarily submitted their controversy to a court having jurisdiction of the subject-matter, they cannot now be allowed to question the authority of such tribunal.    *Edwards v. Smith*, 16 Colo. 530 ; *Reed v. Oates*, 11 Colo. 527 ; *Smith v. District Court*, 4 Colo. 236 ; *Yater v. State ex rel.*, 58 Ind. 299 ; *Gager v. Doe*, 29 Ala. 341.

We may next consider what effect, if any, the death of Colton, the judgment debtor, had upon the execution thereafter issued.    Counsel for plaintiff in error claim that the execution so issued and all proceedings thereunder were absolutely void.    This claim is based, in part, upon section 2571 of Mills' Annotated Statutes.    This provides, in effect, that upon the death of a judgment plaintiff, the executor or administrator may proceed to collect the amount of the judgment.    It is clear, however, that this statute only applies where the property in the judgment remains in the judgment plaintiff.    The statute does not reach the case of a judgment plaintiff who has parted with all interest in the judgment by assignment.

Executors or administrators are only given control of the property owned by the decedent at the time of his death. Such representatives have no control over, or duties in connection with, property which the deceased has sold and transferred prior to his death.    The estate having no interest in the judgment, it would have been a useless thing to have made the representative of the deceased a party to the action. It would have been proper, under our practice, to have substituted the assignee for the judgment plaintiff, but a failure so to do did not render the sale subject to this collateral attack.

In this case there were three judgment debtors, one of whom died before the issuance of the execution upon which the sale was made. The levy was made upon the real property of one who survived.

No new party was sought to be charged, nor was the property of the deceased sought to be taken, the judgment being joint, and several might be satisfied out of the property of any one of the judgment debtors.

At common law the lands of the defendant were not subject to execution, but were made so by the statute of Westminster 2d (13 Edw. 1). Under this statute each judgment debtor had the right to demand that the lands of his codefendant share the burden with him; hence the necessity of a revivor in the case of the death of one. Under our statute lands are subject to levy and sale the same as personal property, and the lands of one judgment debtor may be sold to satisfy a judgment without reference to the property of other judgment debtors in the same manner as the personal property of one might be sold under the English statute.

The reason upon which the English rule with reference to real estate was founded does not exist in this state, and the rule itself must therefore fall. In order that the execution might conform to the judgment, it was necessary to use the name of the deceased; but as the property of Christ was only sought to be subjected to the process, it was entirely unnecessary, and would have been a useless expense to have sued out a *scire facias* to the representatives of the deceased. Freeman on Executions (2d ed.), sec. 36 ; *Martin v. Branch Bank*, 15 Ala. 594 (50 Am. Dec. 147) ; *Reed v. Garfield*, 15 Ill. App. 290 ; *Ransom v. Williams*, 2 Wall. 313.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*