## No. 9060.

## WHIPPLE v. WESSELS.

1. APPEAL AND ERROR—*Dismissal—Effect.*  The dismissal of a writ of error unless expressly declared to be without prejudice, operates as an affirmation, upon the merits, of the judgment sought to be reviewed.

2. *Maxims—Nemo debit bis vexari.*  Husband having applied for probate of the will of his wife, and insisted, during a long litigation, upon the jurisdiction of the County Court, will not be heard to afterwards question the pronate, for the absence of an express election by him, pursuant to Rev. Stat. sec. 7070.

*Error to Routt District Court, Hon. John T. Shumate, Judge.*

Messrs. GOODING & GOODING, Messrs. PARK & GIBSON, for plaintiff in error.

Mr. WILLIAM H. GABBERT, Mr. ARTHUR L. WESSELS and Mr. C. H. HAINES, for defendants in error.

Mr. Justice Scott delivered the opinion of the court.

FROM the record in this case it appears that in June, 1898, the plaintiff in error, Don W. Whipple, married Lucy Y. A. Adams, then widow of James A. Adams, deceased. That at the time of this marriage, Lucy Y. A. Adams was the mother of two children, Myrtilla and James C., defendants in error here.

That all of the property involved in this action was the property of Lucy Y. A. Adams at the time of her marriage to Whipple, derived by her from and upon the death of her former husband.

Prior to the marriage of Mrs. Adams to Whipple, the parties entered into an ante-nuptial agreement, whereby she was to keep and dispose of her property separate, apart and independent of her husband Whipple, and that he should have no interest therein.  About one month after the marriage, or in July, 1898, the wife, Lucy Y. A. Whipple, executed her last will and testament, in which she de-

vised her property, in which she made several specific bequests, among which were $5,000.00 each to her children, the defendants in error, and $1,000.00 to her husband, the plaintiff in error, and the residue to the said children. Upon this instrument and at the time was written and signed by Whipple the following consent to such disposition of her property:

"I, D. W. Whipple, husband of the above named Lucy Y. A. Whipple, do hereby fully and freely consent that the said Lucy Y. A. Whipple may dispose of all her property, both real and personal, by her last will and testament to whomsoever she may desire without any claim or hindrance on my part."

There were two codicils to this will, neither of which in any way altered the bequest to Whipple. One of these dated October 21st, 1903, and contained an identical written consent by Whipple. The last codicil was dated July 31st, 1909. On November 27th, 1909, Mrs. Whipple died.

By the terms of the will, Whipple and the defendants in error were made joint executors. December 15th, 1909, the three executors filed their petition in the County Court on behalf of themselves and others, praying the probate of the will, and that letters testamentary issue to such executors.

Citation was duly issued to the heirs, legatees and devisees. On the 24th day of December, 1909, the executors, including Whipple, filed their written acceptance of service, and on the same day signed and filed an instrument with the court termed "Appearance of Heirs," of which the following is a part:

"Fourth. D. W. Whipple, Myrtilla Adams Wessels and James C. Adams, each for himself, states that he is familiar with the terms and conditions of and the bequests made by the said last will and testament of the said Lucy Y. A. Whipple, and the trust imposed upon each of them thereby, and each for himself approves and accepts of the same, and hereby consents that the said will and testament of the

said Lucy Y. A. Whipple may be duly probated by the said court, and each does hereby waive all notice and copy thereof, as to the time and place and manner of probating the said will, and that letters testamentary issue as directed in the said will."

February 28th, 1910, the date set for the probate, some of the other legatees appeared and filed a contest of the will, Whipple appearing as one of the proponents of the will. On March 28th, 1910, the contest was denied, and April 25th, 1910, set as the date for hearing the report of Mrs. Wessels, who had in the meantime been appointed administratrix to collect. On the latter date such report was filed and approved and all the property turned over to Whipple and the other executors, who at that time had duly qualified and entered upon the discharge of their duties as such.

On April 6th, 1910, Whipple filed a statement with the County Court which acknowledged notice of probate and admitted that he had appeared at the probate of the will, but declaring that he now elected to take a distributive share of the estate under the statute. The defendants in error moved to strike this instrument from the files. On May 14th, 1910, Whipple filed a petition, alleging his notice and appearance at the probate of the will, and that he had made no objection thereto, but praying for an order of the court defining his interests in the estate as an heir.

The respondents filed a motion for reasons stated to strike such petition from the files. These motions were denied by the court, and later respondents filed a demurrer to the petition, which was likwise overruled. The respondents then answered, and the court heard the matter on the merits.

The court found that Whipple, with full understanding of his legal rights in the premises, had theretofore fully and freely elected to take under the provisions of the will, in lieu of his statutory rights in the premises, and decreed that the sole and only interest of said Whipple in and to the estate of Lucy Y. A. Whipple, deceased, is as legatee and devisee, as expressed in her last will and testament. There-

upon Whipple prosecuted an appeal to the District Court, where, upon the proceedings there had, the judgment of the County Court was affirmed. Whipple then sued out a writ of error from the Supreme Court, the case being numbered 8004 in this court. Later, upon motion of respondents, the writ of error was dismissed by the Supreme Court.

On January 26th, 1914, the clerk of the Supreme Court certified the judgment of that court to the clerk of the District Court, whereupon the said clerk transmitted to the clerk of the County Court a certified copy of the judgment of the Supreme Court, together with a writ of procedendo to the County Court, to proceed without delay to execute the judgment in all respects as though no appeal had been taken and in accordance with the transcript of the proceedings had and done in the District Court. Thereupon, and upon order of the County Court and due notice given, the executors filed their final report.

This report, among other things, shows the removal by the court of Whipple, on July 7th, 1910, as an executor of the estate, and also the payment to Whipple of one thousand dollars, the amount bequeathed to him by the will. Whipple filed his objections to such final report and on the same day filed a second petition in the County Court, praying for the determination of his interests in the estate, which petition was the same in substance and effect as the one theretofore adjudicated.

Thereupon the matter of the settlement of the estate was continued until the 25th day of March, 1914, at which time the petition for final settlement of the estate was allowed and approved in every respect, and the executors were ordered to distribute the property in accordance with the terms of the will, to pay the legacies, as expressed in the will, including the legacy of Don W. Whipple, which the court found had been done; thereupon it ordered, adjudged and decreed that the rest, residue and remainder of the estate (including each and every item of real estate mentioned in the petition of Whipple as belonging to the estate)

be distributed, and the same was thereby distributed to the respondents, share and share alike; that the estate be declared fully settled and closed, and that the title to the property in question be declared to be vested in the respondents share and share alike, and that the executors be discharged. At the same time the petition of Whipple was denied. No appeal was taken from this judgment of the County Court.

This is an original action in the District Court, in which Whipple prays for the same relief as asked in the County Court. The answer is a plea of former adjudication, and sets forth all the proceedings before stated, and the separate and final judgments in the courts, theretofore rendered.

Upon final hearing the District Court rendered judgment in favor of the respondents and dismissed the proceeding. This judgment is before us for review. Former adjudication is the sole question to be properly considered.

It is not disputed that the same subject matter between the same parties, and in a court of competent jurisdiction to adjudicate all matters of probate, was determined and adjudicated prior to the institution of this suit.

In a former action by the plaintiff in error, he submitted his cause, being the identical subject matter we are now considering, to the jurisdiction of the County Court, and on appeal from the judgment there rendered against him, invoked the jurisdiction of the District Court, and to review the judgment there rendered against him by writ of error, invoked the jurisdiction of the Supreme Court, where because of his own fault the writ was dismissed.

This presents a clear case of former adjudication, and unless and because of the reasons urged by plaintiff in error, hereafter to be considered, presents a complete bar to this proceeding, and this court is therefore without power to consider and determine the controversy upon its merits, either as to matters of law or fact.

It is contended by plaintiff in error that the dismissal of

the writ of error by the Supreme Court did not affirm the decision of the District Court.

We find no basis for such contention. It seems to be universally held that the dismissal of a writ of error by the Supreme Court operates as an affirmance of the judgment sought to be reviewed, unless dismissed without prejudice. It is equivalent to an affirmance of the case on its merits. 2 Enc. P. & P. 353; *McMichel v. Grove,* 14 Colo. 540, 26 Pac. 1006; *Shannon v. Dodge,* 18 Colo. 164, 32 Pac. 61; *Long v. Sullivan,* 21 Colo. 109, 40 Pac. 359.

In *National Bank v. Follett,* 46 Colo. 452, 104 Pac. 954, it was said: "The judgment of the Court of Appeals affirming the judgment of the trial court, affirmed all matters of record in the case in that tribunal, as well as in the court below."

It is further urged that the court was without jurisdiction to probate the will in the absence of an election by Whipple, filed after probate, and within six months thereafter. This involves a construction of section 7070 Rev. Stat. 1908, and of the same section as amended by the Act of 1909, being section 7868 Mills. Ann. Stat. 1912, dealing with the question of consent and election of husband or wife as to taking under the will or the statute, and as applied to the facts of the particular case.

This question of law must be assumed to have been determined upon the trial of the former case and therefore was adjudicated in that case. It is fundamental that parties ought not to be permitted to litigate the same issue more than once, and that when a right, founded in law or in fact, has been judicially determined by a court of competent jurisdiction, the judgment of the court, so long as it remains unreversed, is conclusive upon the parties. No man is to be twice vexed with the same controversy. That the County Court had jurisdiction of the subject matter, the estate, and the rights of heirs or devisees therein, and of the parties, can not be questioned.

It was said in *Hause v. Rose,* 6 Colo. 24, that:

"The judicial determination of a question of law or fact in a justice's court, as well as in a court of record proper, such court having jurisdiction of the subject matter and parties, is conclusive and binding upon the parties, and the record of such proceeding is conclusive evidence of the matter determined, upon the same matter coming in question in the same or another court, between the same parties, except when the judgment has been fraudulently obtained and without the negligence of the party and adjudged against."

A case which seems quite applicable in principle to the case at bar is that of *Austin v. King,* 25 Colo. App. 363, 138 Pac. 57, and where the court said:

"The deed and decree, pleaded, are subsequent to the plaintiff's tax deeds, and, if valid, extinguish plaintiff's title. The deed is void on its face, and appellee contends that this, and lack of valid service on the Municipal Debenture Company, one of the defendants in that suit, and plaintiff's grantor, makes the decree void. Now, the invalidity of this deed, even on its face, would not affect the jurisdiction of the court over the subject matter in that suit, and it must have found, from the evidence necessary to justify a judgment by default, that the plaintiff's title was then sufficient. This deed should have been attacked in that suit. Whatever the court did, in the exercise of jurisdiction, in that suit, can not be questioned here. *Mortgage Trust Co. v. Redd,* 38 Colo. 458, 464, 88 Pac. 473, 8 L. R. A. (N. S.) 1215, 120 Am. St. 132; *Jackson v. Larson,* 24 Colo. App. 548, 136 Pac. 81."

We said in *Smith v. Colwell,* 41 Colo. 178, 9 Pac. 20:

"Unless and until, in an appropriate proceeding, the same is set aside, a final judgment or decree of a court of competent jurisdiction upon the merits, either upon an issue of law or of fact, concludes the parties and their privies, and they may not be again litigated in any future action or suit between them in the same court, or in any other court of competent jurisdiction, upon the same cause of action,

not only as to all such things as were within the issues, and, in fact, determined, but as to all other matters which the parties might have litigated under the issues as incident to, or necessarily connected with, the subject matter of the litigation, whether the same, as a matter of fact, were litigated and determined or not. *D. C. I. & W. Co. v. Middaugh,* 12 Colo. 434, 21 Pac. 535, 13 Am. St. 234."

See also *Denver v. Lobenstein,* 3 Colo. 216; *Gordon v. Johnson,* 3 Colo. App. 139, 32 Pac. 347; *Hallock v. Loft,* 19 Colo. 74, 34 Pac. 568; *Bushnell v. Larimer & Weld I. Co.,* 56 Colo. 92, 136 Pac. 1017.

It will be observed that at the time of final settlement and order for distribution of the estate, and subsequent to the dismissal of the former appeal by this court, a subsequent petition of Whipple, involving the precise subject matter, was denied, and that judgment was not appealed from, but became and is final.

It will be observed that in every instance Whipple invoked the jurisdiction of the court which determined the cause, and the record discloses that upon the first trial of his cause in the County Court, the question being raised by the respondents, he insisted that the court had jurisdiction. This being true, he can not now raise the question of jurisdiction in this case.

Upon this question we said in *Christ v. Flannagan,* 23 Colo. 140, 46 Pac. 683:

"It is undisputed that the District Court of El Paso County had jurisdiction of the subject matter. A number of authorities have been cited to show that jurisdiction over the subject matter can not be conferred by consent. This we concede, but in all other cases jurisdiction may be waived by consent of parties, and it will be held to have been so waived if objection to the jurisdiction is not promptly taken. The record imports absolute verity, and we must assume that no other order with reference to venue was made except the one appearing in the transcript. When the District Court made that order it surrendered

jurisdiction over the particular case then before it, but when the parties thereafter voluntarily appeared and went to trial without objection, they thereby reinvested the District Court with jurisdiction. Having thus voluntarily submitted their controversy to a court having jurisdiction of the subject matter, they can not now be allowed to question the authority of such tribunal. *Edwards v. Smith,* 16 Colo. 530, 27 Pac. 809; *Reed v. Cates,* 11 Colo. 527, 19 Pac. 464; *Smith v. District Court,* 4 Colo. 236."

The judgment is affirmed.

Garrigues, C. J., and Denison, J., concur.