## No. 9971.

## HUDSON v. MATTINGLEY.

Decided January 10, 1921.

Petition by father for custody of minor children.   Denied.

*Affirmed.*

*On Application for Supersedeas.*

1. CHILDREN—*Residence—Jurisdiction of Juvenile Court.*  Minor children are residents of the county in which their father resides, the father and mother not being separated; and the fact that at the time of the commencement of a proceeding involving their custody they were temporarily in another county with their mother, would not deprive the juvenile court of the county of the father's residence of jurisdiction.

2. APPEAL AND ERROR—*Waiver of Objection.*  In a proceeding before a juvenile court for the custody of minor children, the objection that the petitioner was a resident of another county, does not go to the jurisdiction of the court.

3. JUVENILE COURT—*Power—Order on Conflicting Evidence Conclusive.*  The power of a juvenile court in matters involving the custody of minor children, is great, and while it should be exerted with the utmost circumspection, an order based upon conflicting evidence will not be disturbed on review.

*Error to the Juvenile Court of the City and County of Denver, Hon. Ben B. Lindsey, Judge.*

Mr. H. G. SAUNDERS, for plaintiff in error.

No appearance for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

IN June, 1920, Mattingley petitioned the Denver Juvenile Court that Hudson be deprived of the custody of his two children, Lola, then aged two years and Elsie, three months.   The court ordered the children into the custody of Mattingley and his wife, with leave to the father to

merely visit them. Hudson, the father, brings error and asks for a supersedeas.

Three points for reversal appear: First, that because the children were in Jefferson county at the time of the petition, the Denver court had no jurisdiction; Second, That because the petitioner was a resident of Jefferson county, the court had no jurisdiction; Third, That the evidence was insufficient to justify the order.

As to the first point: It is difficult to determine from §§ 553, 554 and 555 of the Revised Statutes of 1908 what the territorial jurisdiction of the juvenile court is, but we do not find it necessary to decide that question. The children were temporarily with their mother at the house of the petitioner, their maternal grandfather, in Jefferson county, when their mother died and remained there till this proceeding was begun, but she had not separated from her husband and he still resided in Denver, therefore the children were residents of Denver. *Mills' Guardian, v. City of Hopkinsville,* 11 S. W. 776; *Prentiss v. Barton,* 19 Fed. cases, No. 11384; *Van Matre v. Sankey,* 148 Ill. 536, 556; 36 N. E. 628, 39 Am. St. Rep. 196, 23 L. R. A. 665; 19 Corp. Jur. 410. When therefore they were brought into this city for the trial, they were lawfully and rightfully there and before the court. Their presence in Jefferson county was a mere incident of their mother's visit to her parents. The subject-matter of the proceeding was the custody and control of the children. We think the court had jurisdiction thereof. What would be the effect of bringing children from the county of their residence to a county in which they did not reside, upon the question of jurisdiction is another matter and is not before us.

As to the second point: This objection was expressly waived at the trial, and the only claim now made is that because of the residence of the petitioner in Jefferson county the court had no jurisdiction of the subject matter and that such objection cannot be waived. We have seen, however, that the court had jurisdiction of the subject matter, and, moreover, this objection does not go to the

jurisdiction.  The case is analogous to one under the code where there are improper parties or the plaintiff has no legal capacity to sue.  Such objection is waived by answer and has nothing to do with jurisdiction.  Code 1908, §§ 56, 61, 79.  *Thalheimer v. Crow,* 13 Colo. 400, 22 Pac. 779; *Hayden v. Patterson,* 39 Colo. 15, 88 Pac. 437; *El Paso County v. Colo. Spgs.,* 66 Colo. 111, 119, 180 Pac. 301, 305, and many other cases.  See also *Whipple v. Wessels,* 66 Colo. 120, 127, 180 Pac. 309, 312; and *Christ v. Flannagan,* 23 Colo. 140, 46 Pac. 683.  This objection, then, was waived.

As to the third point:  We have carefully read all the evidence, and, if the court believed the evidence for the petitioners, we cannot say that the order was wrong.  The power of the juvenile court in such cases is great, the responsibility is heavy.  Such power should be exerted with the utmost circumspection and children should not be taken from their parents without strong reason, clearly proven, but, upon conflicting evidence, the lower court's order must stand.

Supersedeas denied.  Judgment affirmed.

MR. JUSTICE BURKE and Mr. JUSTICE SCOTT concur.