## No. 11,786.

### GRAHAM *v*. FRANCIS, ET AL.

Decided March 5, 1928.

Action involving custody of child. Judgment for petitioners, the foster parents.

*Affirmed.*

1. CHILDREN—*Habeas Corpus—Jurisdiction.* Courts of chancery have full and complete jurisdiction over the custody of infants.

2. *State Control.* In this jurisdiction every child is under the control of the state, and even the parental right to its custody and control must yield to the interests and welfare of the child.

3.      *Custody.* The paramount and controlling question by which courts must be guided in proceedings affecting the custody of infants, is the interest and welfare of the child.

4.      APPEAL AND ERROR—*Custody of Children.* In an action involving the custody of an infant, where the father made no appearance in the reviewing court, objections to, or argument in favor of, his rights to the custody of the child, will not be considered.

5.      CHILDREN—*Custody—Parents.* In an action involving custody of an infant, facts reviewed, and decree against the mother and in favor of the foster parents, upheld.

6.      *Adoption.* An infant born out of wedlock may not be adopted without the consent of the mother, unless she has forfeited her rights to its custody.

7.      *Paternal Rights—Forfeiture.* Paternal rights may be forfeited by abandonment of the child.

8.      WORDS AND PHRASES—*"Adoption."* "Adoption" has been defined as the act by which relations of paternity and affiliation are recognized as legally existing between persons not so related by nature.

9.      APPEAL AND ERROR—*Objections Not Considered.* Objections will not be considered on review, which are not raised at the trial, which are not presented by motion for new trial, where no error is assigned thereon, and which objections, if well taken, are not made by the proper party.

10.     ADOPTION—*Next Friend.* The statutory provision for appointment of a next friend in adoption proceedings, is for the benefit of the infant.

11.     COURTS—*Jurisdiction.* Parties who have voluntarily submitted their controversy to a court having jurisdiction of the subject matter, cannot be allowed to question its authority.

12.     PARTIES—*Defect—Waiver.* The objection of defect of parties is waived by going to trial without objection.

13.     ADOPTION—*Decree.* A decree of adoption held, under the facts disclosed, to be conclusive on all the interested parties, and for the best interests of the child.

*Error to the District Court of Jefferson County, Hon. S. W. Johnson, Judge.*

Mr. ALBERT E. SHERLOCK, Mr. CON K. O'BYRNE, for plaintiff in error.

Mr. JOHN C. VIVIAN, Mr. ROBERT H. KANE, for defendants in error.

*En Banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THE district court awarded to defendants in error the custody of a little girl, born in Colorado on March 21, 1921. A decree of adoption was also entered in their favor. Plaintiff in error, who is the child's mother, brings the case here for review and asks for a reversal.

The infant was born out of lawful wedlock and it is claimed that she was abandoned by her parents at birth or shortly thereafter. Defendants in error are husband and wife. In response to an advertisement in a Denver newspaper soon after the baby was born, they took her into their home in this state, where she is now, and ever since has been, nurtured and reared as their own child.

Three cases in the district court have been consolidated in this review, two in habeas corpus under chapter 146, C. L. 1921, and one an adoption proceeding under the statute, sections 5512 to 5515, C. L. 1921.

The first action was No. 2649, instituted under the latter act by petition of defendants in error, filed May 20, 1925, in the district court, praying for the adoption of the child, and that it be given their name. Petitioners give the date of the child's birth, and allege that the parents abandoned her at that time or soon thereafter, and that they still abandon her; that notwithstanding such abandonment, the mother of the infant has consented to such adoption, as will appear from her written consent filed in the cause; that it would be to the best interest of the child to be adopted by petitioners, who pray for an order declaring said child to be their adopted daughter, capable of inheriting their joint and several estates, and for her change of name as above. They

asked that a next friend be appointed by the court and that due notice of the application be given.

To the above petition, the putative father of the child interposed written objections and prayed that he be awarded her custody. The mother also filed written objections, and said that her consent was obtained through misrepresentations; that she had revoked such consent, and joined in the father's request that the custody of the child be delivered to him. The father and mother both claimed in cause No. 2649 that the child's best interests would be subserved by awarding the care and custody of the child to the father.

The second case was No. 2650, a petition in habeas corpus filed by the father on May 21, 1925, against Francis and his wife, wherein the father sought to obtain such custody. Issue was joined on the answer of the foster parents, Francis and wife, and petitioner's replication thereto.

The third case, No. 2751, was likewise in habeas corpus, filed by the mother of the child, plaintiff in error, on June 27, 1926, against Francis and wife, defendants in error, to obtain custody of the infant. Issue was joined on the answer and cross complaint of respondents. The mother has married another man since the child was born.

Various consolidated hearings were had in the above three cases. At first, the court, while not disturbing the custody and control of the child by the foster parents, refused their petition for its adoption, but later granted it, denied the father's and mother's petitions, and awarded such custody and control to the foster parents, Francis and his wife. The child's mother is the only one who assigns error.

1. We shall speak first of the habeas corpus proceedings, Nos. 2650 and 2751. The issues in both involved the right to the custody and control of the infant. In both, they were resolved in favor of defendants in

error; in the first, against the child's father, and in the second, against the mother. The court had full and complete jurisdiction in the habeas corpus proceedings over the subject matter and the parties. *Breene v. Breene*, 51 Colo. 342, 346, 117 Pac. 1000; *Hudson v. Mattingley*, 69 Colo. 528, 530, 195 Pac. 113. Courts of chancery, from the earliest times, have exercised a jurisdiction in the matter of the custody of infants. Hochheimer on Custody of Infants, 45. *Allison v. Bryan*, 26 Okl. 520, 109 Pac. 934, 30 L. R. A. (N. S.) 146, 138 Am. St. Rep. 988. "At common law, jurisdiction over the writ was exercised by courts of chancery, as well as of King's Bench and Common Pleas." *Flynn v. Casper*, 26 Colo. App. 344, 346, 144 Pac. 1137; *Richards v. Collins*, 45 N. J. Eq. 283. "In this jurisdiction it has long been held that every child is under the control of the state, and even the paternal right to its custody and control must yield to the interests and welfare of the child." *People v. Bolton*, 27 Colo. App. 39, 43, 146 Pac. 489. Such is the settled American doctrine. Hochheimer on Custody of Infants, pp. 16, 17. "The paramount and controlling question by which courts must be guided in proceedings affecting the custody of the infant is the interest and welfare of the child." *People v. Bolton, supra; Breene v. Breene, supra; McKercher v. Green*, 13 Colo. App. 270, 58 Pac. 406; *Wilson v. Mitchell*, 48 Colo. 454, 111 Pac. 21; *People v. Parks*, 57 Colo. 458, 462, 141 Pac. 994. Hurd on Habeas Corpus, 461; Bailey on Habeas Corpus, 592.

2. Jurisdiction in habeas corpus having been full and complete, we are next interested in the propriety of the decision therein, first as to the claims of the father. Concerning the action instituted by him, No. 2650, it is enough to say that he has assigned no error thereon. In fact he has made no appearance at all in this court in any of the above cases. This eliminates him, and makes it unnecessary to consider serious objections to him as proposed custodian of the infant, or the counter-arguments

on his behalf. We decline to disturb the judgment as to him. ·

3. As to the mother's rights as determined in habeas corpus: We remark on the record which shows that her mind went through at least four stages of fluctuating and unstable purposes. First, to permanently abandon the baby. The mother denies this, but the evidence is clear and convincing that such was the fact. Second, she decided to give the child to defendants in error and allow them to adopt her, evidenced by the mother's written consent thereto. Third, to renounce such consent, and give the custody to the father. Fourth, four or five years after the waif had been abandoned, but through the interposition of kind friends had found a happy home, the mother sought and now seeks to take the little girl away from her foster parents. Such caprice suggests a serious doubt as to whether even now plaintiff in error has any fixed or abiding desire to exercise the rights of motherhood.

It is easy to understand how some poor distressed mother, compelled to go to work out for a living, or for reasons beyond her control, might be forced to temporarily deliver her child into the keeping of another person. We have no such situation here. Each case must be determined on its own facts, and we shall decide no case except the one presented. It would serve no good purpose to relate in detail the painful and distressing circumstances shown by the evidence, nor even to unnecessarily reproach the parent. A similar case doubtless will never occur again. We simply remark that we are convinced that the trial court was right in its conclusions that it is by far to the best interests of the child that she remain where she is, and so we approve of the judgment in habeas corpus.

4. Adoption proceedings. Section 5512, C. L. 1921, reads: "Any inhabitant of Colorado, not married or a husband and wife jointly may petition the district or

county court of the county of their residence or of the county being the residence of the person sought to be adopted, for leave to adopt a minor child * * * not theirs by birth and for the change of the name of such child or heir at law as herein stated, but a written consent must be given to such adoption by the child, if of the age of fourteen years or over and by each of his or her living parents who is not hopelessly insane, intemperate or has not abandoned such child; or if there are no such parents, or if the parents are unknown or have abandoned such child, or if they are hopelessly insane or intemperate, then by the leave of the guardian; or if there is no such guardian, then by a discreet and suitable person appointed by the court to act in the proceedings as the next friend of such child. * * * ''

It is claimed by counsel for plaintiff in error that the mother had a right to withdraw her consent to the adoption before it became effective by court action or decree. Whether she might ordinarily do so, we need not say. Her consent to the adoption is necessary unless she has forfeited her rights. *Purinton v. Jamrock*, 195 Mass. 187, 80 N. E. 803, 18 L. R. A. (N. S.) 927. And paternal rights may be forfeited by abandonment of the child. C. L. 1921, § 5512; 1 R. C. L. 608, § 17; 1 C. J. 1386, § 75. Bailey on Habeas Corpus, 599; *Nugent v. Powell*, 4 Wyo. 173, 33 Pac. 23, 20 L. R. A. 199, 62 Am. St. Rep. 17. This applies to the mother of an illegitimate child, the same as to parents of legitimate offspring. 1 R. C. L. 609, § 19. It all comes to this: The mother's consent was not required, because lost by her wilful abandonment of the child, and being thus lost, her withdrawal of a consent which had been theretofore unnecessarily granted did not alter the situation. And for the same reason her dissent to the provisions made by those who are interested in the child is immaterial. A parent who has wilfully abandoned an infant is not entitled to act as spokesman for such child. The abandonment by both parents ren-

ders unnecessary further discussion as·to the necessity for this consent.

5. There was no guardian and it is claimed that the adoption proceedings are void because the court failed to appoint a next friend, as required by § 5512, C. L. 1921, quoted above as far as it applies to this case. We must consider the objection in the light of the purpose of adoption proceedings. Adoption has been defined "As the act by which relations of paternity and affiliation are recognized as legally existing between persons not so related by nature." 10 Ency. Pl. & Pr. 845; *Morrison v. Sessions Estate,* 70 Mich. 297, 305, 38 N. W. 249, 14 Am. St. Rep. 500. As pointed out in the last named case, one of its objects is to change the succession of property. See also Sessions Laws 1927, ch. 59, sec. 1, p. 183, amending section 5515, C. L. 1921. Incidentally, it also transfers to the adoptive parents, the right to the custody of the infant, but in the matter before us, this last mentioned right has been so determined against the contentions of plaintiff in error in three cases, twice in habeas corpus, and once in the adoption proceedings, to all of which she was a party, and in one of which she requested that the custody be awarded to another, the child's father. We have said above that we approve of the judgment in habeas corpus as to the custody of the infant. No question of the appointment of a next friend is there involved.

6. Concerning the failure of the court to appoint a next friend in the adoption proceedings, we remark upon the following: The objection was not raised at the trial. It was not presented by motion for new trial as required by our rule 8, and such motion was not dispensed with. No error is assigned thereon as required by our rule 32. The objection, even if well taken, is not made by the proper party; the statutory provision for the appointment of a next friend is for the benefit of the infant, whom plaintiff in error does not represent, and no objection is made or has been made either in the trial court

or reviewing court for or on behalf of the infant, but on the contrary is made by one who has violated the rights of next friend. The judgment in adoption in the present case takes no property or property rights away from either natural parent; therefore they are not injured in this regard. It does impose a burden on defendants, but they eagerly sought it, gladly assumed it, and are contending for it.

Without attempting to base our decision on any separate fact above stated, we hold that taken together they are amply sufficient to justify us in refusing to disturb the judgment at the instance of plaintiff in error. Parties who have voluntarily submitted their controversy to a court having jurisdiction of the subject matter, cannot be allowed to question its authority. *Christ v. Flannagan*, 23 Colo. 140, 46 Pac. 683; *Whipple v. Wessels*, 66 Colo. 120, 127, 180 Pac. 309. We have already referred to the inherent jurisdiction of courts of chancery over the persons and property of infants. This covers the subject matter of the dispute. If it be said that there was a defect in parties, plaintiff waived it by going to trial without objection. *Hudson v. Mattingley, supra.*

Adoption proceedings are statutory, and we are not to be understood as indicating that the omission to appoint a next friend may not be raised for or on behalf of the infant in a proper way and by the proper person, or that it may not be cured by appropriate orders in this or another case, but no such question is before us. The decree is for the best interests of the child and it is conclusive as to the father, mother and adoptive parents, all of whom are parties to the proceedings. *Nugent v. Powell, supra; Sullivan v. People*, 224 Ill. 468, 476, 79 N. E. 695; *Parsons v. Parsons*, 101 Wis. 76, 77 N. W. 147, 70 Am. St. Rep. 894.

Judgment affirmed.