## No. 13,063.

### WYMAN *v.* BELL ET AL.
(41 P. [2d] 242)

Decided February 4, 1935.

Messrs. MOYNIHAN, HUGHES & KNOUS, for plaintiff in error.

Mr. FRANK DELANEY, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE BUTLER delivered the opinion of the court.

THE district court of Rio Blanco county adjudged Walter S. Wyman guilty of contempt and fined him $50. That judgment he seeks to have reversed.

On January 22, 1931, Alphonzo E. Bell and other cattlemen brought suit under chapter 125, Session Laws of 1929, known as the Public Domain Range Act, against Wyman and other sheepmen. The plaintiffs prayed that a temporary injunction issue restraining the defendants from grazing sheep upon the territory theretofore used exclusively as cattle range, and that upon final hearing certain territory be adjudged to be cattle range, and that the defendants be restrained from grazing sheep thereon. On March 19 Wyman stipulated that a temporary restraining order might issue, the stipulation not to be deemed a waiver of any right he might have under the homestead or other public land law of the United States. The restraining order was entered on the same day. On March 26 a temporary injunction issued. On August 13 Wyman filed a disclaimer pursuant to section 3 of the act. On December 17 the court made an order requiring Wyman to show cause why he should not be punished for contempt in violating the temporary restraining order and injunction. On January 15, 1932, after a hearing, the court found that, commencing on December 2, 1931, and continuing thereafter up to and including December 17, 1931, Wyman wilfully and intentionally grazed his sheep on public domain range land included in the restraining order, and that he did so in wilful disregard and disobedience of the court's order and thereby committed contempt of court. Judgment followed as stated above.

■■ 1. It is contended in behalf of Wyman that he did not violate the temporary injunction. It is said that at the time in question he was moving his sheep along

the trail to some land leased by him, and that such grazing as they did was done rightfully while they were in transit.

Section 7 of the Act provides: "Nothing herein contained shall be construed to prohibit free transit over the public domain as provided by the acts of Congress." Wyman had a right to drive his sheep across the public domain to his leased land; and if he did so in good faith, occasional grazing while the sheep were being driven, or during temporary stops for needed rest or similar purposes, would not constitute a violation of the injunction. But there was evidence tending to show that he deliberately abused his right of transit and made it an excuse to graze his sheep unreasonably. It is a reasonable inference from the record that the sheep could have been driven to the leased land in about one day, but there is evidence tending to show that between the 2nd and 13th of December the sheep, instead of being moved in any given direction, were permitted to graze indiscriminately back and forth over five or six sections of land within the territory covered by the injunction; that they were bedded at different places only a few miles apart; that in the course of a week they were bedded on three different bed grounds within a radius of five miles; and that they were permitted to "drift" and at night were turned back toward the bed grounds.

The evidence supports the court's finding that Wyman violated the temporary injunction.

■ 2. The entire Public Range Act, supra, is said to be unconstitutional. The contention is without merit. In *Allen v. Bailey*, 91 Colo. 260, 14 P. (2d) 1087, we held the act to be constitutional.

■ 3. It is said that the court had no power to order the issuance of the temporary injunction; that the injunction, having been ordered without jurisdiction, was void; and that it is not contempt to violate a void order.

The Public Domain Range Act provides that whenever a dispute shall arise as to which class of livestock has the better right to graze upon any particular portion of the

public domain, the district court shall have jurisdiction to determine the matter in an action in equity for an injunction; that the court may in its discretion grant a temporary injunction as in ordinary cases of suits for injunction; that whenever any portion of the public domain shall have been decreed to be sheep range or cattle range, notices of such adjudication shall be posted at conspicuous places upon the range, and thereafter it shall be unlawful for any person to graze or herd stock thereon not entitled to be so herded or grazed, and any person so doing shall be guilty of a misdemeanor and punished by fine or imprisonment or both.

Wyman contends that in the absence of a statute prohibiting it, all persons have an equal right to graze cattle and sheep on the public domain, and that until the court, by final decree pursuant to the statute, classified a part of the public domain as cattle range, the plaintiffs had no preferential right that could be protected by an injunction. But Wyman not only made no objection to the issuance of the temporary restraining order, but expressly stipulated that it might issue. The temporary restraining order was made on March 19, and the temporary injunction was issued a week later. The matter then was allowed to rest. The plaintiffs did not press the suit to an early final decree, as they could, and doubtless would, have done had Wyman questioned the validity of the order instead of expressly consenting thereto. Nine months after the order was made and before a final decree was entered, Wyman, knowing that the injunction was in force, deliberately violated it. He cannot now be heard to question its validity. That the court had jurisdiction of the subject matter of the suit and of the person is admitted. The objection is merely to the court's power to order the issuance of the temporary injunction. Such objection may be waived, and, in the circumstances of this case, was waived by Wyman.

In *Grout v. First National Bank,* 48 Colo. 557, 111 Pac. 556, we held that a party who acquiesces in the appoint-

ment of a receiver will not afterwards be heard to object to the jurisdiction of the court.

In *Graham v. Francis,* 83 Colo. 346, 265 Pac. 690, we held that parties who have voluntarily submitted their controversy to a court having jurisdiction of the subject matter cannot be allowed to question its authority. To the same effect, see *Christ v. Flannagan,* 23 Colo. 140, 46 Pac. 683, and *Dillingham v. Schmidt,* 85 Colo. 28, 273 Pac. 21.

The judgment is affirmed.