No. 17,169.

PETITION FOR ADOPTION OF CHARLOTTE MAY FULTON.
FULTON *v.* MARTENSEN ET AL.
267 P. [2d] 658)

Decided March 1, 1954.

Messrs. CARPENTER, VIDEON & MOSLEY, for plaintiff in error.

Mr. C. R. MONSON, Mr. ROBERT H. GLEASON, for defendants in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the court.

THIS is an adoption proceeding which was tried in the county court of Routt county, Colorado. In the trial court plaintiff in error was respondent and defendants in error were petitioners. They will be herein designated

as in the trial court, namely, petitioners and respondent.

Petitioners filed a petition for the adoption of a minor child, Charlotte May Fulton. Petitioner Lula Lee Martensen, formerly Lula Lee Fulton, was the natural mother, petitioner Eldon A. Martensen the stepfather, and respondent Charles E. Fulton the natural father of said child.

In the petition it was alleged that respondent father had abandoned said child and failed to provide it reasonable support. Respondent Fulton answered alleging: 1. That the petition fails to state the right to adopt without the consent of the father; 2. denies he abandoned the child; 3. admits he did not contribute to the support of the child, but that the petitioner mother is independently wealthy; that in her decree of divorce from him she was granted the custody of the child, but had neither asked for nor was awarded any amount for support of the child. Trial was to the court. Findings and a decree were entered for the adoption by petitioners. The cause is presented in our Court for review of the proceedings.

Colorado's present adoption law is set forth in Session Laws of 1949, chapter 106, as amended by Session Laws of 1951, chapter 73. The pertinent sections involved in this proceeding are set out in Session Laws of 1951, chapter 73: Section 1, "* * * (2) (b) Both natural parents, * * * if they are alive and have not lost their parental rights through court action or voluntary relinquishment, abandonment, or by reason of having failed without cause to provide reasonable support for such child for a period of one year or more." Section 4, "* * * (1) (d) The fact that the best interests of the child will be served by said adoption * * *."

The related questions of fact here presented are: (1) Did respondent abandon his child? (2) Did he fail, without cause, to provide reasonable support for such child for the period of one year or more? (3) Was the adoption for the best interest of the child? There are numerous Colorado cases in point, as follows:

*Graham v. Francis,* 83 Colo. 346, 352, 265 Pac. 690: "Paternal rights may be forfeited by abandonment of the child. C.L. 1921, §5512," amended by S.L. 1949, c. 106, and S.L. 1951, c. 73.

*Moreau v. Buchholz,* 124 Colo. 302, 309, 236 P. (2d) 540: "Abandonment is primarily a question of intent. It is more often determined by what one does rather than by what he says. * * * There are other features by which the court might determine the failure of proper interest and lack of affection and regard on the part of the defendant for this child."

*Desch v. Desch,* 55 Colo. 79, 81, 132 Pac. 60: "A decree of divorce at the suit of the wife, for his misconduct, which gives the custody of the children to her, but is silent as to their support, does not relieve him of this obligation. * * * the law implies a promise on his part to pay her for necessaries to this extent."

*People ex rel. v. Bolton,* 27 Colo. App. 39, 43, 146 Pac. 489: "In this jurisdiction it has long been held that every child is under the control of the state, and even the parental right to its custody and control must yield to the interests and welfare of the child, and that the paramount and controlling question by which courts must be guided in proceedings affecting the custody of the infant is the interest and welfare of the child."

The court's findings, in part, were that on March 1, 1948 a final decree of divorce had been granted petitioner Lula Lee Martensen from respondent wherein the custody of the child was granted to petitioner mother, with respondent granted the right to visit said child at reasonable times; that respondent, living less than two miles from the child, had never for more than five years exercised his right to visit said child, never sent it a present or card at Christmas time or on the child's birthday, and made no attempt to see or contact said child except that he saw her a few times on the street or at Sunday School; and made no offer of help or support of said child; that respondent offered no evidence of his inability

to support said child; that the failure to furnish support for said child was without cause; that respondent Charles E. Fulton had abandoned and failed to provide reasonable support for said child for more than one year prior to the filing of the petition; that the name of said child should be changed to Charlotte May Martensen; that the best interests and welfare of the child will be promoted by a decree of adoption. The court thereupon decreed Charlotte May Martensen adopted as the child of petitioners, divesting respondent Fulton of all legal rights and obligations in respect to said child; and that the name of said child be changed and declared to be Charlotte May Martensen.

An agreed statement of the evidence was made a part of the record. Respondent therein in brief admitted he did not use his right to visit the child; that he did not send the child gifts or remembrances on the usual occasions therefor; that he saw her a few times and said "Hello" but did not talk to or visit with her; and that he did not contribute to the support of the minor child.

Respondent's admissions, with the other undisputed evidence in the agreed statement of facts, sustain the findings and decree of the trial court.

The decree of the county court is affirmed.