No. 24199.

A. Matthew Buder, Jr. *v.* William Wencel Reynolds
and Jane Reynolds.

(486 P.2d 432)

Decided June 1, 1971.

Arthur H. Weed, for plaintiff in error.

Robinson and Sullivan, Thomas W. Sullivan, for defendants in error.

*In Department.*

Opinion by Mr. Justice Groves.

This writ of error was brought by the natural father of a child to review the trial court's ruling terminating his rights over the child and decreeing the child eligible for adoption by a stepparent. We affirm.

The defendant in error Jane Reynolds was married to the plaintiff in error, hereinafter referred to as respondent. They were the natural parents of John Buder, the child herein involved. She was subsequently divorced from the respondent. In the divorce proceedings she was given custody of John, and the respondent was ordered to pay $100 per month for support of John. He became in arrears on these payments, and his last payment was made on October 10, 1967. On April 6, 1968, she married Mr. Reynolds, the other defendant in error. The petition to terminate the respondent's rights and decree the child eligible for adoption was filed by Mr. Reynolds on October 21, 1968, alleging that the respondent had "abandoned the child for a period of one year or more and/or he has failed without cause to provide reasonable support for said child for a period of one year or more...."

The trial court ruled that the respondent had, without reasonable cause, failed to support the child for over one year, but made no finding of abandonment. It ordered that the respondent's parental rights be terminated, and declared the child John available for adoption.

The respondent makes two arguments: (1) the court erred in finding that the failure to provide support was without cause, and (2) parental rights cannot be terminated upon only a finding of failure to support.

The first issue cannot be reviewed by this court because the record does not contain a transcript of the

testimony taken in the trial court. The respondent failed within sixty days to file a reporter's transcript or seek an extension of time, and the trial court thereupon ordered that the transcript be stricken from the record on error. R.C.P. Colo. 112(f).

The second issue concerns only a matter of law and, therefore, we can rule on the contentions of the respondent. The proceedings involved here were under the authority of 1969 Perm. Supp., C.R.S. 1963, 22-4-7 (1)(f)(i), which declared that a child is available for adoption upon:

"Written and verified consent of the parent in a stepparent adoption . . . where the other parent has abandoned the child for a period of one year or more or where he has failed without cause to provide reasonable support for such child for a period of one year or more. . . ."

The respondent reads this statute as requiring that both abandonment for one year and failure to provide reasonable support for one year must be shown before his parental rights may be terminated, citing several older Colorado cases. Our reading of these cases shows that they are either inapplicable, or involve allegations and proof of both abandonment and non-support. None of the latter cases cited to us require that abandonment and non-support must both be shown to terminate parental rights. The respondent also argues that any other interpretation would violate his constitutional rights, specifically Art. II, Sec. 3 of the Colorado Constitution, and the due process requirements of the United States and Colorado Constitutions. However, after making this assertion, the respondent has not cited any authority showing how, or given any reason why, these constitutional provisions have been violated.

We think the trial court was correct in interpreting this statute to require only a showing that the natural parent has failed without cause to provide reasonable support for a child for one year or more when termination of a natural parent's rights is sought in a stepparent

adoption. We fail to see any violation of respondent's constitutional rights.

Judgment affirmed.

Mr. Chief Justice Pringle, Mr. Justice Kelley and Mr. Justice Lee concur.