## No. 25442

In the Matter of the Petition of Thomas Stjernholm, for the adoption of a child, Julie Elaheh Mazaheri, Thomas Stjernholm v. Iraj Mazaheri

(506 P.2d 155)

Decided January 29, 1973.          Rehearing denied February 20, 1973.

Mendenhall & Mendenhall, Cover Mendenhall, Duke W. Dunbar, Attorney General, John P. Moore, Deputy, for plaintiff-appellant.

Mitchell & Babcock, Lewis T. Babcock, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is a stepparent adoption case brought under Article 2 of the Colorado Children's Code.

Appellant sought, with the consent of his wife, to adopt his six-year-old stepdaughter, Julie Elaheh Mazaheri. The natural father, Iraj Mazaheri, refused to give his consent.

The Children's Code provides a stepchild may be available for adoption upon:

"Written and verified consent of the parent in a stepparent adoption where the other parent * * * has abandoned the child for a period of one year or more or where he has failed without cause to provide reasonable support for such child

for a period of one year or more * * *." 1969 Perm. Supp., C.R.S. 1963, 22-4-7(1)(f)(i).

The adoption petition alleged that the natural father had failed *without cause* to provide reasonable support, or any support, for his daughter for a period of more than one year.

Statutory notice was given to the father and an evidentiary hearing was held at which he appeared and was represented by counsel. Petitioner established to the satisfaction of the court, and the court so found, that the natural father indeed had failed without cause to provide reasonable support for his child for more than one year. The court also found, "* * * (a) that the Petitioner has good moral character, the ability to support and educate the child, and his home is suitable, (b) that the mental and physicial condition of the child makes her a proper subject for adoption in the Petitioner's home, and (c) the best interest of the child will be served by the adoption, disregarding the continuance of the child's filial relationship with her natural father as a factor in determining that the adoption is in her best interest." No contention is made here by either appellant or appellee that the court's findings of fact were not supported by the record.

In spite of the findings, the court concluded as a matter of law:

"The Court further FINDS and CONCLUDES that CRS 1963, Section 22-4-7(f) making a child available for adoption solely for a parent's failure to provide reasonable support for a year or more is unconstitutional. There is no reasonable construction of the statute and no reasonable application of it to the facts which will make it constitutional.

"The natural right of a parent to the companionship and affection of and to nurture his offspring is so fundamental it cannot be terminated except for a cause as equally substantial and vital as his right, such as the welfare of the child, or voluntary forfeiture of his right as in abandonment.

"The failure to provide reasonable support for a year is only a monetary obligation, if the actual needs of the child are being provided for and if the defaultint parent knows it,

especially if he is fulfilling his parental role in all other respects as here. To terminate a parent's rights for failure to meet a monetary obligation for a period of one year under those circumstances is so slight a cause that it violates his substantive due process rights under the Fifth and Fourteenth Amendments of the United States Constitution and under Article II, Section 25 of the Constitution of the State of Colorado, because it is unreasonable, unfair, and arbitrary in the scheme of life's purposes and activities."

The court denied the petition for adoption and judgment of dismissal was entered in favor of the natural father.

The sole issue on appeal is whether the statute is unconstitutional as denying substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article II, Section 25, of the Colorado Constitution. We hold the statute to be constitutional and reverse the judgment.[1]

I.

The material facts involved in this controversy were undisputed. The natural parents of the child were divorced in December 1967. Custody was awarded to the mother, and the father was ordered to pay sixty dollars monthly for the support of his daughter. Payments were sporadic and he became delinquent. It was necessary to cite him for contempt of court for failure to comply with the support order. Although by stipulation he agreed to become current in his support obligation, he did not do so. When petitioner and the mother were married in February 1970, the father wholly ceased making support money payments, although he continued regularly to exercise his rights of visitation with his daughter.

The stepparent adoption proceeding was commenced March 8, 1971. The trial court specifically found there was

---

1. The trial court specifically concluded, contrary to the natural father's contention, that the statute did not deny him equal protection of the laws. Nor was any question of procedural due process involved, as found in *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551.

*no just cause* for the father's failure to support his child. The only apparent reason for his failure to carry out his obligation of support was that the child was not in need and was being more than adequately supported and maintained in the home of Mr. and Mrs. Stjernholm.

## II.

It is fundamental that a parent has no absolute right to his child under any and all circumstances, and that parental rights must yield to the interest and welfare of the child. *Fulton v. Martensen,* 129 Colo. 125, 267 P.2d 658; *Graham v. Francis,* 83 Colo. 346, 265 P. 690; *People v. Bolton,* 27 Colo. App. 39, 146 P. 489; *People ex rel. Nabstedt v. Barger,* 3 Ill. 2d 511, 121 N.E.2d 781, 45 A.L.R.2d 1372; *Winter v. Director of Pub. Welfare,* 217 Md. 391, 143 A.2d 81, *cert. denied,* 358 U.S. 912, 79 S.Ct. 242, 3 L.Ed.2d 233. Historically there was no adoption at common law. The states, under the doctrine of *parens patriae,* legislatively formulated adoption procedures intended, in the interest and welfare of the child, to fill the void caused by the failure of parent to perform his basic parental duties. *Lien v. Gertz,* 158 Colo. 416, 407 P.2d 328; *Rogers v. Green,* 111 Colo. 85, 137 P.2d 408; *Graham v. Francis, supra.*

It is generally recognized that the legislature has a wide discretion in determining when and under what conditions a child may be adopted without the consent of its natural parents. *Hersey v. Hersey,* 271 Mass. 545, 171 N.E. 815, 70 A.L.R. 518; *In Re R. E. Jaren,* 223 Minn. 561, 27 N.W.2d 656; *Adoption of Simpson,* 203 Ore. 472, 280 P.2d 368; *Nugent v. Powell,* 4 Wyo. 173, 33 P. 23. Such statutes are given a liberal construction to carry out their beneficent purpose – to promote the welfare of the involved child. *Zupancis v. Zupancis,* 107 Colo. 323, 111 P.2d 1063. This is expressly provided in our Children's Code, 1967 Perm. Supp., C.R.S. 1963, 22-1-2. In considering a former adoption statute, this Court indicated that consideration must first be given to the welfare of the child vis-a-vis the rights of the parents. *Moreau v. Buchholz,* 124 Colo. 302, 236 P.2d 540. We see no reason to depart from this view.

The Children's Code has specified that consent is not a requirement in a stepparent adoption proceedings when parental rights have been terminated through delinquency or dependency proceedings, or where the child has been abandoned by his parent or has not been provided with reasonable support for a period of one year or more. Section 22-4-7(1)(f)(i). We do not, and it is not our function to, dispute the wisdom of these legislative reasons for dispensing with parental consent under those circumstances. No argument of compelling significance has been asserted to demonstrate that the designated criteria which eliminate the necessity of parental consent are unreasonable and not rationally related to the general purposes of the statute — to protect the interest and welfare of the child involved.

In *Buder v. Reynolds,* 175 Colo. 28, 486 P.2d 432, this Court upheld the statute against an attack that both abandonment and nonsupport must be shown before consent of the defaulting parent might be dispensed with. It was held that each constituted a separate ground for eliminating the requirement of consent. *Buder, supra,* also upheld the statute in those particulars against a general attack of unconstitutionality.

### III.

In our opinion, the trial court, in declaring unconstitutional as a violation of substantive due process the termination of appellee's parental rights, overlooked the fundamental purpose of the statute — that of integrating the child of a broken home into a new home, maintained by both a father and a mother, where the opportunity exists of affording a greater measure of care, guidance and discipline so vital to the child's present and future development. *See* Declaration of Purpose, Children's Code, Section 22-1-2. We cannot say that this objective of promoting a more stable home environment is not such a compelling state interest as to outweigh and override the right of a natural parent who wilfully fails *without just cause* in the performance·of a basic obligation toward such child. While the law should be solicitous toward maintaining the integrity of the natural

relation between a parent and child, the statute should not be interpreted in favor of a father who seeks the benefit of parental rights but shuns the burden of parental obligations. *In Re Burton's Adoption,* 147 Cal. App. 2d 125, 305 P.2d 185. We do not find the statutory criterion here involved which eliminates the requirement of consent to a stepparent adoption to be unreasonable, unfair or arbitrary as declared by the trial court.

We note that adoption statutes similar to ours, providing for a forfeiture of parental rights for nonsupport, exist in the following states: California, Georgia, Indiana, Louisiana, Massachusetts, Missouri, Montana, Ohio, Oklahoma, Oregon, Rhode Island and Texas.[2] In none of these states have such statutes been found to be unconstitutional.

No adequate showing was made in the trial court to overcome the presumption of constitutionality of the statute in this case, nor to demonstrate that it was unconstitutionally applied to appellee.

The judgment is reversed and the cause remanded with directions to vacate the judgment of dismissal and to enter a decree of adoption as prayed for in the petition.

MR. JUSTICE GROVES does not participate.

---

2. West's Ann. Civ. Code (Cal.) § 224; Ga. Code Ann. § 74-403(2); Burns Ind. Stat. 1971 Supp., § 3-120, I.C. 1971 31-3-1-6(g)(1); L.S.A. (La.) R.S. 9:422.1; M.G.L.A. (Mass.) c. 210 § 3; V.A.M.S. (Mo.) § 453.040(2); R.C.M. (Mont.) 1947 § 61.205; R.C. Ann. Ohio § 3107.06; 10 O.S. (Okla.) 1961 § 60.7; [Revised Uniform Adoption Act (1969) § 6(a)(2)]; O.R.S. (Ore.) 109.324; Gen. Laws 1956 (R.I.) § 15-7-5; Vernon's Ann. Tex. Civ. Stat., art. 46a, § 6(a).