515 P.2d 128 (1973)
Petition of Daniel Virgil Karkanen for the Adoption of a Child.
Daniel Virgil KARKANEN, Petitioner-Appellee,
v.
Caesar VALDESUSO, Respondent-Appellant.
No. 72-388.
Colorado Court of Appeals, Div. I.
September 25, 1973.
*129 Williams, Trine & Greenstein, P. C., William Trine, Morris W. Sandstead, Jr. Boulder, for petitioner-appellee.
Johnson, Doty, Johnson & Summers, Bruce R. Johnson, Boulder, for respondent-appellant.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal from a judgment granting a petition for adoption of a child under Article 4 of the Children's Code, 1967 Perm.Supp., C.R.S. 1963, 22-4-12. The trial court found, among other things, that the natural father of the child had abandoned the child; that the natural father had failed to provide child support for one year or more, without cause; and, that it would be in the best interests of the child that the petition for adoption be granted. The natural father, respondent, appeals from the final decree of adoption which terminated his filial relationship with his child. We have reviewed the record and conclude that the evidence is sufficient to support each of the findings of the trial court and we therefore affirm the entry of the final decree of adoption.
The mother of the child and the respondent-appellant were married in June of 1964. The marriage lasted only seven months and the child was born on June 28, 1965. Divorce proceedings were instituted in California where the parties then resided, and an interlocutory decree was entered in October of 1965. It is uncontested that no child support payments, as ordered by the court, were made subsequent to December of 1966 by the respondent. The respondent went to Spain where he entered medical school. He returned to the United States only for a brief visit in the summer of 1967 during which time he made no contact with the child or the child's mother. In June of 1969, the mother married Daniel Karkanen, the petitioner in this action. The respondent completed his medical studies in Spain and returned to the United States shortly after the filing of the petition for adoption. He has since offered to pay the child support arrearages and to assume his obligation of child support in the future.
The Colorado Children's Code provides, among other things, that a child is available for adoption upon,
"Written and verified consent of the parent in a stepparent adoption where the other parent is deceased or his rights have been terminated under paragraphs (b) or (c) of this subsection, or where the other parent has abandoned the child for a period of one year or more, or where he has failed without cause to provide reasonable support for such child for a period of one year or more. . . ." 1969 Perm.Supp., C.R.S. 1963, 22-4-7(1)(f)(i).
*130 The Code further provides that the district court may enter a final decree of adoption if, after a hearing on the petition for adoption,
"it is satisfied as to: (b) The availability of the child for adoption; (c) The good moral character, ability to support and educate the child, and the suitableness of the home of the person or persons adopting such child; . . . (e) The fact that the best interests of the child will be served by the adoption." 1967 Perm.Supp., C.R.S. 1963, 22-4-12(2).
The respondent's contentions are essentially that, (1) he had no intent to abandon the child, and (2) that his failure to contribute to the support of the child was not "without cause." Thus, he contends that the trial court erred in finding this child available for adoption.

I
Although there was sufficient evidence in the record to support the trial court's finding of abandonment, we need not discuss this issue as the evidence also supports the finding of failure to support without cause. The Children's Code specifies that failure to support without cause is a separate and independent ground from that of abandonment for declaring a child available for adoption so that if sufficient proof on either or both grounds is submitted to the court, a judgment based thereon will not be disturbed. See Buder v. Reynolds, 175 Colo. 28, 486 P.2d 432.
The respondent contends that his failure to support was not "within cause" since he was a medical student without substantial income during the years in question. He also argues that he pursued his medical career with the best interests of his child in mind by foregoing his opportunity to support the child at the present in favor of a greater ability to support the child in later years. The record does indicate, however, that the respondent was a registered physical therapist and was capable of supporting his child over the years in question had he elected to do so. Approval of this kind of excuse for failure to meet one's child support obligations would permit a father to ignore his child completely during the years in which he seeks to establish his position in a chosen career, even though he had the capability to support the child during that period.
Finally, the respondent urges that the trial court erred in finding that the petitioner had good moral character and the ability to support the child in the absence of any evidence on these issues. However, these issues were not placed before the trial court by the pleadings; nor were they raised in the respondent's motion for a new trial as required by C.R.J.P. 55. Issues not previously raised before the trial court need not be considered on appeal. Howard v. Interstate Development Co., 29 Colo.App. 287, 483 P.2d 1366.
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.