531 P.2d 404 (1974)
Petition of T.C.H. for Adoption of a Child.
T.C.H., Petitioner-Appellee,
v.
J.M.S., Respondent-Appellant.
No. 73-324.
Colorado Court of Appeals, Div. II.
November 26, 1974.
Rehearing Denied December 17, 1974.
Certiorari Granted February 18, 1975.
*405 Mellman, Mellman & Thorn, P.C., Gerald M. Mellman, Denver, for petitioner-appellee.
Richard A. Anderson, Lakewood, for respondent-appellant.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
In this action, T.C.H. sought adoption of his stepson, D.L.S. In his petition he alleged that the natural father, J.M.S., had failed without cause to provide reasonable support for the child for more than one year, requested termination of the natural father's parental rights, and sought to adopt the child. The natural mother consented to the adoption. Following a hearing, the trial court entered judgment terminating the natural father's parental rights and granting the petition for adoption. We affirm.
The trial court's judgment was based upon its findings that it would be in the best interests of the child that petitioner be allowed to adopt the child, that the respondent, J.M.S., had failed without cause to provide reasonable support for D.L.S. for a period of one year or more and that, therefore, the child was available for adoption under 1969 Perm.Supp., C.R.S.1963, 22-4-7(1)(f)(i). It was undisputed that the respondent had made no monetary support payments for D.L.S. for more than one year. However, the respondent contends that he did not fail to provide "reasonable" support for D.L.S. "without cause" and that, therefore, his consent was required before D.L.S. could be declared available for adoption.
The natural parents of D.L.S. were divorced in January 1968, pursuant to an Iowa divorce decree which awarded custody of seven of their eight children to respondent. Custody of the infant D.L.S. was awarded to the natural mother, who married the petitioner in December 1971. The Iowa divorce and custody decree contained the following provision:
"[N]o amount of child support to be paid by either party is fixed at this time based upon the lack of any present income by either the Plaintiff or Defendant at the time of trial."
The mother admitted that she never requested child support from the respondent after the divorce and that D.L.S. has always been adequately provided for since that time. The petitioner-stepfather testified that he did not want respondent to pay child support and that D.L.S. has always been well supported. The seven children in respondent's custody have also been adequately cared for by the father, partly from his income and partly with Aid to Dependent Children furnished by the State of Iowa, where they live. No contributions or support payments were made by their mother since the divorce.
The natural father testified that his annual income for the year preceding the trial was $12,000. In addition he received $4740 Aid to Dependent Children and $1200 in food stamps for a total annual income of just under $18,000. He, therefore, does not assert an inability to provide some support but does assert that the provision of the divorce decree requiring no support and the fact that the child had been adequately cared for establish that his failure to support was neither unreasonable nor without cause. We do not agree.
Respondent does not contest the finding that the adoption would be in the best interest of the child, but contends that this issue does not become a controlling factor until the natural parent's consent has been given or is legally dispensed with. This rule was enunciated in Nevelos v. Railston, 65 N.M. 250, 335 P.2d 573. Many jurisdictions, including Colorado, do not follow or at least temperthis rule. Moreau v. Buchholz, 124 Colo. 302, 236 P.2d 540, states,
*406 "In some jurisdictions, in adoption proceedings, the respective parental rights are given first consideration by the courts, whereas, in others, the primary, paramount and controlling objective in such proceedings is the welfare of the child, unless by a decree in adoption a worthy parent guilty of no material or excusable fault be thereby deprived of parental privileges. In Graham v. Francis, [83 Colo. 346, 265 P. 690] if not specifically stated in so many words, it certainly is strongly indicated that under the rule in Colorado, the primary consideration is the welfare of the child, and secondly the rights of the parents."
The court went on to say that, in Colorado, it is not the rule that the trial court must close its eyes to every interest of the child, and consider only the rights of the parents. This rule was reiterated in Stjernholm v. Mazaheri, 180 Colo. 353, 506 P.2d 155, which said that in adoption cases, "consideration must first be given to the welfare of the child vis-à-vis the rights of the parents."
"Reasonable support" is a factual issue which must be determined by the circumstances, and varies from case to case. As was said in Johnson v. Johnson, 215 Mass. 276, 102 N.E. 465,
"Of course the support must be reasonable, and what is reasonable depends among other things upon the actual physical needs of the beneficiary, his station in life, social and otherwise, the demands to be met and the amount of the income. What might be regarded as reasonable under one set of circumstances might not be so regarded under another ...."
Failure of a mother who has been given custody of a child to ask for support does not relieve the father of his responsibility for support. Fulton v. Martensen, 129 Colo. 125, 267 P.2d 658. Further, the fact that a prior divorce decree does not require support payments also does not alter the legal obligation of support. Desch v. Desch, 55 Colo. 79, 132 P. 60. The divorce decree in the instant case dispensed with support at the time it was entered because of "the lack of any present income" by the father. However, respondent's own testimony established that he had received significant income for at least two years prior to the trial of this case.
Under the facts presented, the trial court found that no support had been furnished and that the failure to support was without cause. These findings, being supported by the evidence, will not be disturbed. Karkanen v. Valdesuso, 33 Colo.App. 47, 515 P.2d 128.
Judgment affirmed.
RULAND, J., concurs.
ENOCH, J., dissents.
ENOCH, Judge (dissenting).
I respectfully dissent.
I find no precedent in Colorado law to support the conclusions of the majority, and feel that the result of setting such a precedent will create only instability and uncertainty respecting the parental rights of non-custodial parents.
I agree that the best interests of the child are and should always be a major concern of the court. However, we are not here concerned with custody, nor is the welfare of the child really at issue. The issue is whether the stepfather can adopt D.L.S., thereby depriving the natural father, without his consent, of all his parental rights, and the child of his rights to his natural father. Under the facts of this case it is admitted that to permit this adoption it must be determined that the natural father failed to provide "reasonable" support "without cause," 1969 Perm.Supp., C.R.S.1963, 22-4-7(1)(f)(i). The majority cites Fulton v. Martensen, 129 Colo. 125, 267 P.2d 658, wherein the Colorado Supreme *407 Court held that failure of the mother to ask for support does not relieve the father of his responsibility for that support, and Desch v. Desch, 55 Colo. 79, 132 P. 60, wherein it was held that though a decree of divorce is silent as to the father's obligation of support, the father is not relieved of that responsibility. However, unlike either case cited, we have in this case a valid court order which specifically relieves both parents of support obligations. What better "cause" could a non-custodial parent have for non-payment of support money? The facts are undisputed; a court has said no support is to be paid, the mother has asked for none, the stepfather does not want any payments made, the child is well cared for, and the father is providing adequate care, with the help of ADC, for seven children of the marriage who remain in his custody. I find no statute, case law, nor any valid legal theory which could justify a determination under these facts that the father was "without cause" in not having paid any money for the support of D.L.S.
The majority opinion would negate the effect of the Iowa court order by an appellate determination that the basis of the original order no longer exists. The Iowa decree was not challenged in the trial court nor was the hearing held for the purpose of showing a change of circumstances in order to establish the father's present ability to pay support. The issue in the trial court and before this court is whether the father had "cause" for not providing support in the past.
Under the precedent set by this case a custodial parent could too easily entrap an unsuspecting non-custodial parent, in spite of a court order to the contrary, into a situation resulting in not only the termination of the parental rights of the father, but the deprivation of the child's rights respecting his or her natural parent. Under Colorado law, the mother also has a legal obligation to support the children of the marriage. See 1971 Perm.Supp., C.R.S.1963, 46-1-15; Perkins v. Westcoat, 3 Colo.App. 338, 33 P. 139.
In my opinion the undisputed evidence and the law do not support the findings or conclusions of the trial court, and judgment should be reversed.