In re the Petition of S.D.,
Petitioner–Appellant,

and

Concerning R.M.S. and K.R.S.,
Respondents–Appellees.

No. 10CA0210.

Colorado Court of Appeals,
Div. V.

Sept. 30, 2010.

S.D., Pro Se.

No Appearance for Respondents–Appellees.

Opinion by Judge ROMÁN.

Petitioner, S.D., appeals the district court orders refusing to rescind her adoption by respondents. We affirm.

## I. Background

In 1974, respondents adopted petitioner, who was ten months old. Petitioner, now thirty-seven years old, asserts that the court lacked jurisdiction to enter the decree of adoption. Specifically, she asserts that in 2003, her adoptive mother confessed that the adoption was illegal because petitioner's birth father had never relinquished his rights.[1] According to petitioner and respondents, the court granting the adoption was aware the birth father had not relinquished any parental rights.[2]

Petitioner filed a motion in October 2008 seeking to rescind her adoption and to obtain a copy of her original birth certificate. As grounds in support of her motion, petitioner alleged abuse by her adoptive family. She also cited authority that she claimed enabled her to dissolve her adoption and supplemented her request with a letter asserting that her adoptive mother had stated her adoption was illegal, her birth mother had hidden her from her birth father, and her birth father had never relinquished his parental rights. Petitioner's motion was denied in November 2008.

Petitioner then filed similar motions in November and December 2009, which were also denied.

On appeal, petitioner asks this court (1) to rescind the adoption whether it was legal or

---

1. However, respondents sent a letter to the district court, and another letter to petitioner, asserting that the adoption was legal even though birth father had not been informed and had not relinquished any rights.

2. Respondents do not respond or even appear on appeal, although they informed the district court that they would not contest petitioner's attempt to rescind her adoption.

not; and (2) to rule that the adoption is void because her birth father never relinquished his parental rights. We conclude that under these circumstances, there is no right to rescind the adoption, nor is the adoption void under Colorado law.

## II.   Right to Rescind Adoption in Colorado

Petitioner is mistaken in asserting that she is entitled to rescind her adoption without a finding that her adoption is void.

Adoption is a creature of statute. *See Stjernholm v. Mazaheri*, 180 Colo. 352, 356, 506 P.2d 155, 157 (1973). The purpose of the adoption and relinquishment article is "to promote the integrity and finality of adoptions." § 19–5–100.2(2), C.R.S.2010.

In denying petitioner's motion, the district court noted that, despite extensive research, it failed to discover any authority enabling it to grant petitioner's motion.[3]

◼   Likewise, we are aware of no authority in Colorado permitting an adoptee to dissolve her legal adoption at will. We agree with the position taken by the Tennessee Supreme Court that "[i]f there is no provision made for the annulment of a valid decree of adoption, the right does not exist." *Coonradt v. Sailors*, 186 Tenn. 294, 209 S.W.2d 859, 861 (1948).

Although petitioner may not annul her adoption as a matter of right, we next consider whether she may challenge her adoption as void based on an alleged jurisdictional defect.

## III.   Statute of Limitations on Challenging Decree of Adoption

◼   Petitioner also asserts her adoption is void because her birth father never relinquished his parental rights.[4] However, we agree with the district court's conclusion that petitioner is barred by the statute of limitations from attacking an adoption decree entered over thirty years ago.

"The purpose of a statute of limitations is to promote justice, discourage unnecessary delay, and forestall the prosecution of stale claims." *Dove v. Delgado*, 808 P.2d 1270, 1274 (Colo.1991). When petitioner was adopted, the following statute of limitations was in effect: "No final decree of adoption shall be attacked by reason of any jurisdictional or procedural defect after the expiration of two years following the entry of the final decree." Ch. 443, sec. 1, § 19–4–116, 1967 Colo. Sess. Laws 1022.[5]

Even assuming that the time for attack could have been tolled by petitioner's minority status or until she knew or should have known of the alleged deficiency in the judgment of adoption, petitioner still failed to bring this action to set aside the adoption within a reasonable time. Petitioner filed the first motion in this case when she was thirty-five years old and *five years* after her adoptive mother reportedly revealed the alleged deficiency. *Cf. White v. Davis*, 163 Colo. 122, 125, 428 P.2d 909, 910 (1967) (natural father moved to set aside adoptions within months of learning of them); *see G.T.B. v. G.R.*, 424 A.2d 12, 14–15 (Del.1980) (assuming fraudulent concealment is applicable to statute of limitations for attacking adoption

---

**3.** Although claiming statutory authority exists that allows her to rescind her adoption, petitioner fails to identify any authority. She claims a federal law allows adoptees to rescind their adoptions, but includes no citation, and we found no such law. She also cites to section 16–1509A. This citation is incomplete but it appears petitioner may be citing an Idaho statute which permits dissolution of certain stepparent adoptions. *See* Idaho Code Ann. § 16–1509A, (2009) ("An adoption may be dissolved ... when the adopting parent was the spouse of a natural parent, and the marriage of the natural parent and adoptive parent was terminated."). However, this is not a stepparent situation nor are we governed by Idaho law.

**4.** We note that under the statute in effect at the time of petitioner's adoption in 1974, the biological father of an illegitimate child had no parental rights, and thus the child could be adopted without the biological father's consent, unless he affirmatively asserted paternity in one of four specified manners prior to the entry of a decree of adoption. *See* Ch. 109, sec. 1, § 19–1–103(21), 1973 Sess. Laws 382. Petitioner asserted to the district court that her biological mother and father were not married, and that her biological father "was not notified of the birth [of petitioner] until the adoption was finalized."

**5.** The modern statute contains a shorter, ninety-day limitations period. *See* § 19–5–214(1), C.R.S.2010.

decree, court would only toll running of limitations period until such time as the plaintiff's rights were or should have been discovered by the exercise of reasonable diligence).

## IV. Birth Certificate and Adoption Record

Finally, petitioner requests her birth record be amended to show her current legal name and the names of both her birth parents. She also requests that her adoption records be permanently unsealed and made accessible to her at any time. These requests were not considered or ruled on by the district court and thus this court is not the proper forum for these requests. *See* C.A.R. 1. We therefore decline to consider these requests.

The orders of the district court are affirmed.

Judge GRAHAM and Judge TERRY concur.