25CA0042 Peo in Interest of AC 06-05-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0042
Delta County District Court No. 23JV30029
Honorable J. Steven Patrick, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of A.C., a Child,

and Concerning E.M.,

Appellant.

---

JUDGMENT REVERSED

Division VI
Opinion by JUDGE SULLIVAN
Tow and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 5, 2025

---

John F. Baier, County Attorney, Adriana Hartley, Assistant County Attorney, Delta, Colorado, for Appellee

Robert G. Tweedle, Guardian Ad Litem

The Morgan Law Office, Kristofr P. Morgan, Colorado Springs, Colorado, for Appellant

¶ 1 In this dependency and neglect proceeding, E.M. (mother) appeals the summary judgment terminating her parent-child legal relationship with A.C. (the child). We reverse.

## I. Background

¶ 2 In December 2023, the Delta County Department of Human Services filed a petition in dependency and neglect because mother tested positive for methamphetamine and THC at the time of the child's birth and the child exhibited signs of withdrawal. The juvenile court granted the Department temporary custody of the child two days after her birth. The court adjudicated the child dependent and neglected and adopted a treatment plan for mother.

¶ 3 In November 2024, the Department moved to terminate mother's parental rights and shortly thereafter amended its motion to include an allegation that she abandoned the child under section 19-3-604(1)(a)(I), C.R.S. 2024.

¶ 4 On December 6, 2024, the Department filed yet another motion — this time for termination by summary judgment — on the sole ground that mother had abandoned the child. As relevant here, the Department alleged in its motion that mother had attended eighteen visits during the case, but she had cancelled six

1

visits, failed to confirm three visits, and failed to appear for eight visits. It alleged that her last visit with the child was on June 28, 2024. It further alleged that mother hadn't substantially complied with her treatment plan, that her whereabouts were unknown, and that communication with her had been sporadic.

¶ 5 The Department attached several documents to its summary judgment motion, including (1) an affidavit from a family time monitor at Court Appointed Special Advocates (CASA) with an attached visitation log; (2) an identical affidavit from the CASA family time monitor with attached documents containing two emails and an unlabeled table; (3) an affidavit from the caseworker; and (4) orders adjudicating the child and orders from other hearings.

¶ 6 Mother opposed summary judgment but didn't file any affidavits. In her response, mother pointed out that the Department had failed to file an affidavit as required by section 19-3-603, C.R.S. 2024. That statute provides that before termination based on abandonment may be ordered, the party seeking termination must file an affidavit stating what efforts have been made to locate the parent if the location of the parent remains unknown. § 19-3-603. Later that day, the Department filed an

affidavit in which a caseworker said that mother's location remained unknown. It also outlined the Department's efforts to locate her.

¶ 7 The court granted summary judgment based on its finding that mother had abandoned the child.

## II. Discussion

¶ 8 Mother contends that the juvenile court erred by terminating her parental rights by summary judgment. Specifically, she asserts that (1) genuine issues of material fact precluded summary judgment and (2) the Department failed to meet its burden on summary judgment because it presented no admissible evidence in support of its abandonment claim.

¶ 9 Because we agree with mother's first contention, we need not address the second.

### A. Standard of Review and Legal Framework

¶ 10 Whether a juvenile court properly terminated parental rights presents a mixed question of fact and law because it involves application of the termination statute to evidentiary facts. *People in Interest of A.M. v. T.M.*, 2021 CO 14, ¶ 15. However, we review

the court's grant of summary judgment de novo. *People in Interest of M.M.*, 2017 COA 144, ¶ 11.

¶ 11    Summary judgment is a drastic remedy that is only appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.* at ¶ 12 (citing *People in Interest of S.N. v. S.N.*, 2014 CO 64, ¶¶ 14-15). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Westin Operator, LLC v. Groh*, 2015 CO 25, ¶ 20. A material fact is one that will affect the outcome of the case. *M.M.*, ¶ 13. To meet this burden, the moving party can use pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. *S.N.*, ¶ 16.

¶ 12    To grant a summary judgment motion seeking to terminate parental rights, the juvenile court must determine not only that there are no genuine issues of material fact, but also that the moving party has established the applicable statutory criteria for termination by clear and convincing evidence. *People in Interest of T.M.*, 240 P.3d 542, 544 (Colo. App. 2010); *see also People in Interest of A.E.*, 914 P.2d 534, 538 (Colo. App. 1996) ("[T]he required standard of clear and convincing evidence in parental termination

proceedings significantly limits the cases in which summary judgment would be appropriate . . . .").  Clear and convincing evidence is proof that persuades the trier of fact that the truth of the contention is highly probable and free from serious or substantial doubt.  *People in Interest of G.R.N.M.*, 228 P.3d 976, 978 (Colo. App. 2010).

¶ 13    If the moving party fails to meet this burden, summary judgment must be denied.  *M.M.*, ¶ 13.  But if the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate the existence of a triable issue of fact.  *Id.* at ¶ 14.  Even when the material facts are undisputed, summary judgment is only appropriate when reasonable minds could draw but one inference from them.  *Id.* at ¶ 15.  In making this determination, we view the facts in the light most favorable to the nonmoving party.  *Id.*

## B.    Abandonment

¶ 14    A juvenile court may terminate parental rights if it finds, by clear and convincing evidence, that the child has been adjudicated dependent and neglected and abandoned by the parent.  § 19-3-

604(1)(a). In this case, all agreed that the child was adjudicated dependent and neglected.

¶ 15 Turning to the abandonment elements, a parent has abandoned a child if the parent (1) "surrendered physical custody of the child for a period of six months or more" and (2) hasn't "manifested during such period the firm intention to resume physical custody of the child or to make permanent legal arrangements for the care of the child." § 19-3-604(1)(a)(I). While abandonment is primarily a question of intent, it may be determined by the parent's actions and words. *People in Interest of A.D.*, 56 P.3d 1246, 1248 (Colo. App. 2002). In determining whether a child has been abandoned, the circumstances must be viewed in light of the child's best interests. *Id.*

¶ 16 The Department established the first element of abandonment by clear and convincing evidence. *See* § 19-3-604(1)(a)(I). No one disputed that the child was out of mother's custody and placed in foster care from late December 2023 through the filing of the Department's summary judgment motion on December 6, 2024 (and the grant of summary judgment on December 19, 2024).

¶ 17    However, the Department didn't satisfy its burden of establishing that no genuine issue of material fact existed with respect to the second element of abandonment.  On one hand, and assuming the evidence attached to its motion was admissible, the Department provided some evidence that supported a conclusion that this element was met: the caseworker reported "very limited communication" with mother; at the time of the caseworker's affidavit, mother wasn't engaged in services or treatment; and, according to the caseworker, mother had "never demonstrated any intent to resume physical custody" of the child.  On the other hand, the Department presented other evidence that supported the conclusion that it hadn't met this element: mother attended eighteen family time visits during the case and last visited the child on June 28, 2024; mother scheduled a meeting (that she didn't attend) with the caseworker for December 6, 2024; and mother appeared at six court hearings, including a hearing on July 15, 2024, and a hearing on December 2, 2024.  In addition, the caseworker's affidavit filed under section 19-3-603 indicated that mother last met with the caseworker on November 8, 2024.

¶ 18    Viewing the evidence in the light most favorable to mother, as we must, we conclude that the Department failed to establish the absence of a genuine issue of material fact regarding whether she manifested the firm intention to resume physical custody of the child or to make permanent arrangements for her care.  *See Broomfield Senior Living Owner, LLC v. R.G. Brinkmann Co.*, 2017 COA 31, ¶ 40 ("An issue of fact may arise from the existence of conflicting permissible inferences from evidence accepted as true." (quoting *Fin. Assocs., Ltd. v. G.E. Johnson Constr. Co.*, 723 P.2d 135, 138 (Colo. 1986))); *Raygor v. Bd. of Cnty. Comm'rs*, 21 P.3d 432, 435 (Colo. App. 2000) ("Where evidence is susceptible of a contradictory, yet reasonable interpretation, summary judgment is not appropriate.").

¶ 19    For example, while mother had limited communication with the caseworker and wasn't engaged in treatment, she also attended hearings in the case, attended a visit with the child, and scheduled (though didn't attend) a meeting with the caseworker, all within the six-month period preceding the Department's motion.  Reasonable minds could draw differing conclusions from mother's actions regarding whether she manifested a firm intention to resume

physical custody or to make permanent arrangements for the child's care. *See M.M.*, ¶ 15 (summary judgment is only appropriate when reasonable minds could draw but one inference from the facts); *Schold v. Sawyer*, 944 P.2d 683, 684 (Colo. App. 1997) ("The issue of intent is generally a question of fact [and] can only rarely be resolved by means of a summary judgment.").

¶ 20    As a result, the court necessarily had to weigh the evidence to conclude that the Department proved this element. But at the summary judgment stage, "the trial judge's function is not to weigh the evidence and decide what occurred." *Andersen v. Lindenbaum*, 160 P.3d 237, 239 (Colo. 2007); *see S.N.*, ¶ 15 (summary judgment isn't a substitute for trial; only at a trial can the court can assess the weight of the evidence and the credibility of the witnesses). Because summary judgment may be granted only when reasonable minds can draw but one inference from the evidence, *see Broomfield Senior Living Owner*, ¶ 40, the court erred when it weighed the evidence to enter summary judgment in the Department's favor.

¶ 21    Accordingly, we conclude that the juvenile court erred by granting summary judgment based on abandonment under section 19-3-604(1)(a)(I) and by terminating mother's parental rights.

### III. Disposition

¶ 22 The judgment terminating mother's parent-child legal relationship with the child is reversed.

JUDGE TOW and JUDGE YUN concur.