25CA1568 Peo in Interest of EG 03-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1568
Jefferson County District Court No. 23JV30301
Honorable Lindsay VanGilder, Judge

The People of the State of Colorado,

Appellee,

In the Interest of E.G., a Child,

and Concerning R.V.,

Appellant.

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE LIPINSKY
Tow and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 5, 2026

Kimberly S. Sorrells, County Attorney, Sarah Oviatt, Assistant County Attorney, Golden, Colorado, for Appellee

Josi McCauley, Guardian Ad Litem

Patrick R. Henson, Office of Respondent Parents' Counsel, Justin Twardowski, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1   R.V. (mother) appeals the judgment terminating her parent-child legal relationship with E.G. (the child). She contends that the juvenile court erred by finding she abandoned the child. We discern no error and affirm the judgment.

## I.   Background

¶ 2   In 2022, the Jefferson County Division of Children, Youth, Families and Adult Protection (the Division) filed a petition in dependency and neglect alleging that mother had used illicit substances during her pregnancy with the child. Mother saw the child once after his birth and did not otherwise engage in the 2022 dependency and neglect case (the first case), which closed with an allocation of parental responsibilities to J.G. (father). Six months after the first case closed, the Division received a referral with concerns about father's mental health. It opened a voluntary case in which it implemented a safety plan for father. The Division filed a second petition in dependency and neglect in December 2025 when father failed to engage, and mother could not be located. The juvenile court adjudicated the child dependent and neglected and entered treatment plans for both parents. The Division later moved to terminate both parents' parental rights. In June 2025, just

before the child turned three years old, the court terminated mother's and father's parental rights under sections 19-3-604(1)(a) and (c), C.R.S. 2025.

## II.    Termination Due to Abandonment

¶ 3    Mother first contends that the juvenile court erred by terminating her parental rights pursuant to 19-3-604(1)(a) because she "demonstrated a firm intention to resume physical custody of" the child.  We disagree.

¶ 4    Although mother concedes this issue was not preserved, she urges this court to nevertheless address her claims under the miscarriage of justice exception to the preservation requirements. *See People in Interest of E.S.*, 2021 COA 79, ¶ 14, 494 P.3d 1142, 1145.  "Where an error of the trial court is considered fundamental or involves a miscarriage of justice, we may consider the issue for the first time on appeal."  *In re Petition of R.G.B.*, 98 P.3d 958, 959 (Colo. App. 2004).  The miscarriage of justice exception has a narrow scope, however.  *See People in Interest of M.B.*, 2020 COA 13, ¶¶ 23-24, 459 P.3d 766, 771.  We need not determine whether mother's claim meets this standard because the outcome is the same whether we conclude that mother failed to preserve the issue

for appellate review or whether we address it on the merits. *See L & R Expl. Venture v. Grynberg*, 271 P.3d 530, 536 (Colo. App. 2011) (declining to resolve an issue when adjudicating it would not change the case's outcome).

¶ 5    Under section 19-3-604(1)(a)(I), C.R.S. 2025, abandonment occurs when a parent has surrendered physical custody of the child for a period of six months or more and, during that time, has not manifested a firm intention to resume physical custody or make permanent legal arrangements for the child's care.

¶ 6    Abandonment is primarily a question of intent and may be determined by the parent's actions or words. *People in Interest of A.D.*, 56 P.3d 1246, 1248 (Colo. App. 2002). In making that determination, the juvenile court must view the circumstances in light of the child's best interests. *Id.*

¶ 7    Mother points to three specific instances in which she says she "demonstrated the firm intention to resume physical custody" of the child: (1) her counsel's January 2024 request for a bus pass and parenting time; (2) a January 2024 phone conversation with the caseworker during which mother said she would like to begin family time with the child; and (3) her presence at a hearing in

February 2024. Although the record contains references to these occurrences, the court did not receive evidence about any of them at the termination hearing. Even if it had, the record does not, as mother claims, "firmly support[] the conclusion that [she] demonstrated a plain and evident intention to resume custody of the child." In any event, neither a parent's full participation in a dependency and neglect case nor a parent's "desire to visit the child and perhaps someday assume custody" is sufficient to demonstrate a firm intention to resume custody. *Id.*

¶ 8 Instead, whether a parent has an intent to abandon "is more often determined by what [the parent] does rather than by what [the parent] says." *D.P.H. v. J.L.B.*, 260 P.3d 320, 324 (Colo. 2011). It is undisputed that mother never participated in family time with the child while this dependency and neglect case was pending, and she did not engage in any other part of her treatment plan. Mother's last and seemingly only contact with the child was in October 2022, when the child was three months old. She had no contact with the child during the pendency of this case.

¶ 9 Furthermore, the juvenile court properly considered the child's best interests. The court found that "given this child's age, needs,

and the history of this case and these parents' lack of involvement, . . . termination is in the child's best interests." While mother challenges the court's best interest findings on appeal, her arguments solely relate to herself and do not address the child's best interests. We therefore determine that the juvenile court did not err by finding that mother abandoned the child and thus terminating mother's parental rights pursuant to section 19-3-604(1)(a).

## III. Reasonable Efforts

¶ 10 Second, mother contends that the juvenile court erred by finding that the Division made reasonable efforts to rehabilitate her when it terminated her parental rights under section 19-3-604(1)(c). But the court's findings under section 19-3-604(1)(a) are "an independent basis for termination," which we examined above and determined have record support. *People in Interest of D.C-M.S.*, 111 P.3d 559, 562 (Colo. App. 2005).

¶ 11 Because a juvenile court need not consider, or make findings on, whether reasonable efforts were made when it terminates parental rights due to abandonment, we decline to address mother's argument relating to the services the Division provided during the

pendency of the case.  See § 19-3-604(1)(a); *People in Interest of S.Z.S.*, 2022 COA 133, ¶ 37, 524 P.3d 1209, 1218 (holding that a juvenile "court can make an abandonment finding under subsection (1)(a) regardless of whether a treatment plan was adopted or services were provided").

## IV.   Disposition

¶ 12    The judgment is affirmed.

JUDGE TOW and JUDGE HAWTHORNE concur.